UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JAMES CONN, Individually and On Behalf
of All Others Similarly Situated,**

                      **Plaintiff,**

     **-against-**

**MERRILL LYNCH & CO., INC., E.
STANLEY O'NEAL, JEFFREY N.
EDWARDS, LAWRENCE A. TOSI,
ARMANDO M. CODINA, VIRGIS W.
COLBERT, ALBERTO CRIBIORE,
JOHN D. FINNEGAN, JUDITH MAYHEW
JONAS, AULANA L. PETERS, JOSEPH W.
PRUEHER, ANN N. REESE, and CHARLES
O. ROSSOTTI,**

                      **Defendants.**

Civil Action No.  07 Civ. 11626 (LBS)

---

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF JAMES CONN'S MOTION
FOR APPOINTMENT AS LEAD PLAINTIFF FOR THE FIRST REPUBLIC MERGER
CLASS AND IN OPPOSITION TO OPPOSING MOTIONS FOR LEAD PLAINTIFF**

Stanley M. Grossman
Marc I. Gross
Patrick V. Dahlstrom
Joshua B. Silverman
**POMERANTZ HAUDEK BLOCK
  GROSSMAN & GROSS LLP**
100 Park Avenue
New York, New York 10017
Telephone:    (212) 661-1100
Facsimile:    (212) 661-8665

Joseph W. Cotchett
Mark C. Molumphy
Nancy L. Fineman
Stuart G. Gross
**COTCHETT, PITRE & McCARTHY**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California  94010
Telephone:    (650) 697-6000
Facsimile:    (650) 697-0577

**Attorneys for Plaintiff James Conn**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I.     JAMES CONN SHOULD BE APPOINTED
       LEAD PLAINTIFF FOR THE MERGER CLASS . . . . . . . . . . . . . . . . . . . . . . . 4

       A.     Rule 23 Requires That There Be A Separate Merger Class  . . . . . . . . . . 4

              1.     The Claims of Each Class . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

              2.     The Issues of Each Class . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

       B.     The PSLRA Requires Appointment Of Lead
              Plaintiff And Counsel For Each Purported Class  . . . . . . . . . . . . . . . . . . 9

       C.     Conn has the Largest Financial Interest in the First Republic Action . . . . 9

       D.     Conn Otherwise Satisfies The Requirements Of Rule 23 . . . . . . . . . . . . 11

II.    THE MERGER ACTION SHOULD NOT BE CONSOLIDATED
       FOR ALL PURPOSES WITH THE OPEN MARKET ACTIONS . . . . . . . . . . . 12

III.   CONN'S SELECTION OF COUNSEL SHOULD BE APPROVED . . . . . . . . . 14

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page**

*In re: Brooklyn Navy Yard Asbestos Litig.*,
    971 F.2d 831 (2d Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*In re Comverse Technology, Inc., Sec. Litig.*,
    2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) . . . . . . . . . . . . . . . . . . . . . . . . 10

*Dura Pharmaceuticals, Inc. v. Broudo*,
    544 U.S. 336 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*In re eSpeed, Inc. Sec. Litig.*,
    232 F.R.D. 95 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Hill v. The Tribune Company*,
    2005 U.S. Dist. LEXIS 2391 (N.D. Ill. Oct. 13, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Hunt v. Enzo Biochem, Inc.*,
    2008 U.S. Dist. LEXIS 1472 (Jan. 8, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*In Re: Initial Public Offering Secs. Litig.*,
    483 F.3d 70 (2d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Johnson v. Celotex Corp.*,
    899 F2d 1281 (2d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Kranz v. National Gypsum Co.*,
    955 F.2d 346 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Nanopierce Technologies, Inc. v. Southridge Capital Mgmt. LLC*,
    2003 U.S. Dist. LEXIS 21854 (S.D.N.Y. Dec. 4, 2003) . . . . . . . . . . . . . . . . . . . . . . . . 13

*In re Repetitive Stress Injury Litig.*,
    11 F.3d 368 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Rombach  v. Chang*,
    355 F.3d 164 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 13

*SEC v. Commonwealth Chemical Securities, Inc.*,
    1976 U.S. Dist. LEXIS 12998 (S.D.N.Y. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*StoneRidge Investment Partners, LLC v. Scientific-Atlanta, Inc.*,
    2008 U.S. LEXIS 1091 (U.S. Jan. 15, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    127 S. Ct. 2499 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Wachtel v. Guardian Life Ins. Co. Of America*,
    453 F3d 179 (3d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**Docketed Cases**

*Conn v. Merrill Lynch & Co., Inc.*,
    Civil Action No. 07 Civ. 11626 (LBS) (S.D.N.Y) . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7

*Life Enrichment Foundation v. Merrill Lynch & Co., Inc.*,
    Civil Action No. 07 Civ. 9633 (LBS) (S.D.N.Y.) . . . . . . . . . . . . . . . . . . . . . . . . 1, 6, 7, 8

**Federal Rules and Statutes**

Fed. R. Civ. P. 23(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Fed. R. Civ. P. 23(a)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Fed. R. Civ. P. 23(c)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed. R. Civ. P. 23(g)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

15 U.S.C. § 77z-1(a)(3)(A)(i)(II) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

15 U.S.C. § 77z-1(a)(3)(B)(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

15 U.S.C. § 77z-1(a)(3)(B)(v) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**Legislative Materials**

H.R. Conf. Rpt. No. 104-369,
    104th Cong. 1st Sess (Nov. 28, 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Plaintiff James Conn ("Conn") submits this memorandum of law in further support his motion to be appointed as Lead Plaintiff for the Class of shareholders of First Republic Bank ("First Republic") who exchanged their First Republic shares for shares of Merrill Lynch & Co., Inc. ("Merrill Lynch") pursuant to a Merger of the two companies which became effective on September 24, 2007 (the "Merger Class"). As stated in Conn's moving papers, the Merger Class pursues claims only under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

## PRELIMINARY STATEMENT

The only other motion for appointment of Lead Plaintiff is the State Teachers' Retirement System of Ohio ("Ohio STRS").[1] Ohio STRS seeks appointment of a broader Class of Merrill Lynch shareholders who purchased Merrill Lynch shares during a class period of October 17, 2006, and November 7, 2007.[2] At the start of its class period, Ohio STRS held 2,142,400 shares of Merrill Lynch common stock worth in excess of $182 million, and during its class period purchased an additional 1,159,488 shares on the open market at a cost of over $90.5 million. The losses claimed for these shares based on Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") are in excess of $25.5 million. *See* Ohio STRS Mem., at 1, 8.

In contrast, Ohio STRS acquired only 788 shares of Merrill Lynch common stock pursuant to First Republic Merger on September 24, 2007, which are the only shares of Ohio

---

[1]   Frankfurt-Trust Investment-Gesellschaft mbh withdrew its motion for appointment of lead plaintiff on January 15, 2008. *See Life Enrichment Foundation v. Merrill Lynch & Co., Inc.*, Civil Action No. 07 Civ. 9633 (LBS) (Docket Entry # 20) (S.D.N.Y.).

[2]   *See* Memorandum of Law in Support of the Motion of the State Teachers' Retirement System of Ohio for (1) Consolidation; (2) Appointment as Lead Plaintiff; and (3) Approval of Lead Plaintiff's Choice of Co-Lead Counsel ("Ohio STRS Mem."), at 10.

STRS that may support Section 11 and/or 12 claims. These shares were then sold on October 1, 2007, for a statutory losses of $1,114 under Section 11 or $1,216 under Section 12.

Quite obviously, Ohio STRS's interests will be recovery of its losses under Section 10(b) on its open market purchases of Merrill Lynch common stock. Moreover, because of the substantial differences in the parties, the time period, the misstatements at issue, and elements of the Section 10(b) class claims versus those for the Merger Class under Sections 11 and 12, a separate class for each will be necessary.

As was explained in Conn's opening memorandum of law, the threshold for strict liability under the Securities Act for the Merger Class's claims is substantially lower than the "heightened pleading standard" mandated by the PSLRA for the open market purchasers' claims under Section 10(b) of the Exchange Act. Indeed, whereas the Merger Class need only plead "a short and plain statement" alleging material misstatements or omissions in the Registration Statement or the Proxy/Prospectus, the open market purchasers must:

> (1) "specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading," 15 U.S.C. § 78u-4(b)(1); and (2) "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind," § 78u-4(b)(2).

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2508 (2007). Further, to qualify as "strong":

> an inference of scienter must be more than merely plausible or reasonable--it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent.

*Id.*, at 2505. Unlike Securities Act allegations, the analysis the courts are directed to apply to fraud allegations must consider explanations other than the plaintiffs':

> To determine whether the plaintiff has alleged facts that give rise
> to the requisite "strong inference" of scienter, a court must
> consider plausible nonculpable explanations for the defendant's
> conduct, as well as inferences favoring the plaintiff

*Id.*, at 2510.   Thus, for fraud allegations, courts must apply a comparative analysis for an action

to proceed:

> the inference of scienter must be more than merely "reasonable" or
> "permissible"--it must be cogent and compelling, thus strong in
> light of other explanations. A complaint will survive, we hold, only
> if a reasonable person would deem the inference of scienter cogent
> and at least as compelling as any opposing inference one could
> draw from the facts alleged.

*Id.*

The Merger Class also is not required to establish loss causation, which is a necessary

element under Section 10(b).  Indeed, the PSLRA "expressly imposes on plaintiffs 'the burden of

proving' that the defendant's misrepresentations 'caused the loss for which the plaintiff seeks to

recover'" under Section 10(b).  *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 345-46

(2005) (citations omitted).  Securities fraud complaints can only be sustained "where plaintiffs

adequately allege and prove the traditional elements of causation and loss."  *Id.*, at 246.  Thus,

unlike the Merger Class, the open market purchasers must "prove that the defendant's

misrepresentation (or other fraudulent conduct) proximately caused the plaintiff's economic

loss." *Id.*

The Second Circuit has recognized the differences between fraud claims and Section 11

and 12 claims, and sought to remove any "misunderstanding" by clearly articulating the "general

rule" that "an issuer's liability under Section 11 is absolute," and that:

> "Neither Section 11 nor Section 12(a)(2) requires that plaintiffs
> allege the scienter or reliance elements of a fraud cause of action."

-3-

*In Re: Initial Public Offering Secs. Litig.*, 483 F.3d 70, n.1 (2d Cir. 2007), *citing Rombach  v. Chang*, 355 F.3d 164, 169 n.4 (2d Cir. 2004).

Further, Section 11 provides liability against any person who signed the Registration Statement.  Liability for third parties under Section 10(b) is far more restrictive.  *See StoneRidge Investment Partners, LLC v. Scientific-Atlanta, Inc.*, 2008 U.S. LEXIS 1091, at * 22 (U.S. Jan. 15, 2008).   Indeed, the Merger Class alleges violations against 10 individual defendants who are proper defendants under Section 11, none of whom are named in the open market purchaser actions.

The substantial differences in the parties, the claims, the pleading standards, and standards of proof evidence that separate representation must be made for the Merger Class and the open market purchasers.  James Conn has the largest financial interest in the relief sought by the Merger Class and is the most adequate representative of the Merger Class.  Accordingly, Conn should be appointed Lead Plaintiff for the Merger Class and his selection of Lead Counsel approved by the Court.

## ARGUMENT

### I.

### JAMES CONN SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE MERGER CLASS

#### A.    Rule 23 Requires That There Be A Separate Merger Class

Under the 2003 amendments to Rule 23, the order certifying a class "must define the class and the class claims, issues or defenses."  Fed. R. Civ. P. 23(c)(1)(B).  The purpose of the change was so that the district court will focus on the issues to better determine the contours of the class.  *See Wachtel v. Guardian Life Ins. Co. Of America*, 453 F3d 179, 186 (3d Cir. 2006).

Focusing on these issues suggests there will ultimately be two classes to be certified.

> Conn seeks representation of a class defined as:
>
> All persons and entities who acquired Merrill Lynch & Co., Inc. ("Merrill Lynch") securities as a result of the exchange of First Republic Bank ("First Republic") securities pursuant to the Registration Statement and Proxy/Prospectus, and who were damaged thereby (the "Merger Class").

*See* Memorandum of Law in Support of James Conn's Motion for Appointment as Lead Plaintiff for the First Republic Merger Class and Approval of Lead Counsel ("Conn Mem."), at 1.  Ohio STRS seeks to represent a class defined as:

> those who purchased or otherwise acquired Merrill Lynch securities during the Class Period.[3]

*See* Ohio STRS Mem. at 2, 10. Because the claims, issues and defenses of the Merger Class are wholly distinct from the those of the open market purchasers class, the Court will be required to determine the contours of each separate class.

### 1.      The Claims of Each Class

The fundamental claim of the Merger Class is that "the Registration Statement and Proxy/Prospectus were materially false and misleading."  *See Conn v. Merrill Lynch & Co., Inc.*, Civil Action No. 07 Civ. 11626 (LBS), Complaint at ¶ 6 (S.D.N.Y) (the "*Conn* Complaint"). The "questions of law and fact common to the [Merger] Class are whether: (a) defendants violated Sections 11, 12(a)(2), and/or 15 of the Securities Act . . . ; (b) the Registration Statement and Proxy/Prospectus, and documents incorporated by reference therein, contained materially

---

[3]  Although the first filed complaint alleged a class period of February 26, 2007 through October 23, 2007, Ohio STRS has adopted "the longest publicly-noticed period" for its motion, *i.e.* October 17, 2006 through November 7, 2007.  Ohio STRS Mem. at 3, n.3.

false and misleading statements of fact: (c) the Registration Statement and Proxy/Prospectus, and documents incorporated by reference therein, omitted material facts that were necessary in order to make the statements made not misleading; and (d) the members of the Class have sustained damages and, if so, the appropriate measure thereof." *Conn* Complaint at ¶ 78.

The fundamental claim of the open market purchasers class is that "defendants' fraudulent scheme and course of business operated as a fraud or deceit on purchasers of Merrill common stock." *See Life Enrichment Foundation v. Merrill Lynch & Co., Inc.*, Civil Action No. 07 Civ. 9633 (LBS), Complaint at ¶ 22 (Docket Entry # 1) (S.D.N.Y.) (the "*Life Enrichment Foundation* Complaint"). The "questions of law and fact common to the members of the [open market purchasers] Class" are:

> (a)     whether the 1934 Act was violated by defendants;
>
> (b)     whether defendants omitted and/or misrepresented material facts;
>
> (c)     whether defendants' statements omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading;
>
> (d)     whether defendants knew or deliberately disregarded that their statements were false and misleading;
>
> (e)     whether the price of Merrill's common stock was artificially inflated; and
>
> (f)     the extent of damages sustained by Class members and the appropriate measure of damages.

*Id.*, at ¶ 54.

As is apparent, the claims of each class are substantially different. This is not surprising given the fundamental difference in the nature of the actions. Even where there is a cursory

similarity, *i.e.*, "appropriate measure of damages," the claims are not the same.  The measure of damages under Section 11 and Section 12 is statutorily defined and assumed upon establishment of a material misrepresentation or omission, whereas under Section 10(b) the open market purchasers are required to prove the damages occurred, the methodology for calculating damages, and the amount of damages.

### 2.    The Issues of Each Class

The issues common to the Merger Class are:

- The Registration Statement, as originally filed and as amended, and the Proxy/Prospectus were materially false and misleading; contained untrue statements of material facts; omitted to state material facts necessary to make the statement made in the Registration Statement and Proxy/Prospectus, under the circumstances in which they were made, not misleading; and/or failed to adequately disclose material facts"; *id.*, ¶¶ 84, 92, 102; and,

- "Defendant Edwards, in his capacity as an agent and officer of Merrill Lynch, issued false and misleading oral communications in a conference call as a means of soliciting Plaintiff and members of the Class to exchange their securities in First Republic for securities in Merrill Lynch."  *Id.*, at ¶ 109.

The definition of the Merger Class is grounded in the two elements of Section 11 and 12(a)(2) claims: misstatements or omissions and materiality, which also define the contours of the issues for the Merger Class.

The issues common to the open market purchasers class, *inter alia*, are:

- "Defendants were . . . motivated by the compensation arrangements of Merrill"; *id.*, at ¶ 23;

- "Merrill's top officers knew it had problems with CDO's in its portfolio;" *id.*, at ¶ 26;

- "The true facts . . . were known by the defendants but concealed from the investing public during the Class Period"; *id.*, at ¶ 38;

- "instead of truthfully disclosing during the Class Period that Merrill's business

was not as healthy as represented, Merrill falsely overstated its net income, and falsely concealed the problems with its CDO portfolio"; *id.*, at ¶ 42;

- "Defendants' false and misleading statements had the intended effect and caused Merrill stock to trade at artificially inflated levels throughout the Class Period"; *id.*, at ¶ 44;

- "As a direct result of defendants' admissions and the public revelations regarding the truth about Merrill's profitability and its actual business prospects going forward, Merrill's stock price dropped more than $5 per share in October 2007 and mor than $30 from May 2007. This drop removed the inflation from Merrill's stock price, causing real economic loss to investors who had purchased the stock during the Class Period;" *id.*, at ¶ 45;

- "defendants disseminated or approved the false statements . . . which they knew or deliberately disregarded were misleading"; *id.*, at ¶ 47;

- "Defendants . . . employed devices, schemes and artifices to defraud . . . [and] engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of Merrill common stock during the Class Period"; *id.*, at ¶ 48; and,

- "Plaintiff and the Class have suffered damages in that, in reliance on the integrity of the market, they paid artificially inflated prices for Merrill common stock." *Id.*, at ¶ 49.

The open market purchasers class is defined by the specific elements of its Section 10(b) claim, which include reliance, *scienter*, transactional causation, loss causation, and proof of damages. These elements also define the contours of the issues for the open market purchasers class.

In sum, the differences in the definition of the classes, as well as their causes of action, claims, questions of fact and law common to each class, issues and defenses, require that there be separate classes for the *Conn* Complaint and the open market purchasers actions.

-8-

**B.**     **The PSLRA Requires Appointment Of Lead**
          **Plaintiff And Counsel For Each Purported Class**

The PSLRA requires that "any member of the purported class may move the court to serve as lead plaintiff of the purported class."  15 U.S.C. § 77z-1(a)(3)(A)(i)(II).  The act further states that the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class . . .."  15 U.S.C. § 77z-1(a)(3)(B)(i).

Here, there are two classes of plaintiffs: the Merger Class and the open market purchasers class.  As explained above, each class has separate causes of action, claims, issues and defenses. Accordingly, the Court should appoint "a member of the purported class . . . to serve as lead plaintiff of the purported class," *i.e.*, a member of the Merger Class to serve as lead plaintiff of the Merger class and a member of the open market purchasers class to serve as lead plaintiff of that class.

In appointing lead plaintiff for each class, the Court is guided by the PSLRA's "rebuttable presumption" that "the most adequate plaintiff . . . is that person or group of persons that . . . has the largest financial interest sought by the class."  15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb).   Here, the person with the largest financial interest sought by the Merger Class is James Conn.

**C.**     **Conn has the Largest Financial Interest in the First Republic Action**

As part of the First Republic Merger, Conn acquired 22,634 shares of Merrill common stock in exchange for 30,871 shares of First Republic common stock, and acquired an additional 1,068 shares of Merrill common stock (plus cash) in exchange for 5,150 shares of First Republic restricted stock.  In December, 2007, approximately two months after the disclosure of Merrill's true financial status and the impact of its trading in CDO's became known to the public, Conn

sold his 23,702 Merrill shares for steep trading losses and statutory losses as follows:

|  |  |
|---|---|
| Section 11 Losses: | $349,487 |
| Section 12 Losses: | $373,185. |

*See* Declaration of Ken Kotz at ¶ 4; Exhibits 6 and 7, filed herewith (the "Kotz Decl.").

Ohio STRS has nominal losses for Merrill Lynch shares acquired in the First Republic

Merger. Ohio STRS noted that it acquired 788 Merrill shares in the Merger, but did not

calculate its losses related to those 788 shares under the statutory loss provisions of either

Section 11 or Section 12. Indeed, consistent with its preference for the Exchange Act claims in

lieu of the Securities Act claims, Ohio STRS only calculated losses for the 788 shares as part of

its calculation of Section 10(b) losses. It is understandable, because under the appropriate

methodology for calculating losses in securities litigation, Last-In-First-Out or LIFO,[4] Ohio

STRS had *de minimis* – if any – losses and, moreover, sold its 788 shares prior to the disclosures

alleged in the complaints in October 2007, which advised the market of the misrepresentations

and omissions in the Registration Statement and Proxy/Prospectus.

"Under the LIFO method, a sale is matched to the most recent purchase of sales

(occurring prior to the sale)." *See* Kotz Decl., ¶ 4. *Accord SEC v. Commonwealth Chemical*

*Securities, Inc.*, 1976 U.S. Dist. LEXIS 12998, at *3 (S.D.N.Y. 1976) (defining LIFO as "the

---

[4] Comparing the LIFO to FIFO (First-In-First-Out) methodology, Judge Scheindlin recently noted that courts have "'generally rejected FIFO as an appropriate means of calculating losses n securities fraud cases.'" *Hunt v. Enzo Biochem, Inc.*, 2008 U.S. Dist. LEXIS 1472, at *21 (Jan. 8, 2008) (quoting *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 101 (S.D.N.Y. 2005). *See also In re Comverse Technology, Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007); *Hill v. The Tribune Company*, 2005 U.S. Dist. LEXIS 2391, at *10 (N.D. Ill. Oct. 13, 2005) ("The current majority view, however, is apparently that securities fraud losses should be calculated using LIFO.").

proceeds of a sale transaction are matched against the price paid in the purchase transaction just preceding the sale"). Therefore, here, the 788 shares Ohio STRS states that it acquired in the First Republic Merger on September 24, 2007, were sold on October 1, 2007. *See* Kotz Decl., ¶ 17; Exhibit 4.

On a trading basis, Ohio STRS suffered $0.0941 per share, for a total trading loss of $74.1508, and under the statutory loss provisions for Sections 11 and 12 as applied to its LIFO calculations, Ohio STRS only suffered the following losses:

|  |  |
|---|---|
| Section 11 | $1,114 |
| Section 12 | $1,216. |

*See* Kotz Decl., ¶ 4; Exhibits 6 and 7. Thus, Conn has substantially larger losses than Ohio STRS and the largest financial interest of any of the movants in the Merger Class.[5]

Accordingly, as Conn has "the largest financial interest in the relief sought by the [Merger Class]," he should be appointed as Lead Plaintiff for that Class. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb).

**D.    Conn Otherwise Satisfies The Requirements Of Rule 23**

Conn is the only plaintiff or movant who has filed an action to protect the interests of the Merger Class. On December 28, 2007, James Conn filed the his complaint pursuant to Sections 11, 12(a)(2), and 15 of the Securities Act for the material misrepresentations and omissions contained in the Registration Statement and Proxy/Prospectus related to the First Republic Merger. Clearly, having filed the only relevant complaint and being the named plaintiff, Conn's

---

[5]  Even were the Court to consider Ohio STRS's statutory losses for Sections 11 and 12(a)(2) under a FIFO methodology, Conn still has larger losses. *See* Kotz Decl., ¶ 4; Exhibits 6 and 7.

claims are typical of the class claims.  Fed. R. Civ. P. 23(a)(3).

Prior to Conn's filing of the Merger Action, four separate complaints had been filed in the Southern District of New York alleging violations Sections 10(b), yet none of those complaints referenced the Registration Statement or Proxy/Prospectus as containing material misstatements or omissions.  But for Conn's filing of his complaint, there would not be any claims filed on behalf of the Merger Class, nor any basis before this Court to consider representation of those claims.  As such, Conn has evidenced that he is not only willing and able to represent the Merger Class, but that he already has and will fairly and adequately represent it. Fed. R. Civ. P. 23(a)(4).

## II.

### THE MERGER ACTION SHOULD NOT BE CONSOLIDATED FOR ALL PURPOSES WITH THE OPEN MARKET ACTIONS

The PSLRA did not displace traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).  Therefore, although consolidation may appear to enhance judicial economy, the Second Circuit has held that:

> [t]he systematic urge to aggregate litigation <u>must</u> <u>not</u> be allowed to trump our dedication to individual justice, and we must take care that each individual plaintiff's - - and defendant's - - cause not be lost in the shadow of a towering mass of litigation.

*In re: Brooklyn Navy Yard Asbestos Litig.*, 971 F.2d 831, 853 (2d Cir. 1992) (underscore added).

Indeed, the Second Circuit has found that "the discretion to consolidate is not unfettered," *see Johnson v. Celotex Corp.*, 899 F2d 1281, 1285 (2d Cir. 1990), and that "it is possible to go too far in the interests of expediency and to sacrifice basic fairness in the process."  *Kranz v. National Gypsum Co.*, 955 F.2d 346, 353 (2d Cir. 1993).  Accordingly, the burden is on the

proponents of consolidation to establish that the prejudice to the Merger Class is outweighed by efficiency concerns. *See In re Repetitive Stress Injury Litig*., 11 F.3d 368, 374 (2d Cir. 1993),

Here, basic fairness and justice will be sacrificed and the Merger Class prejudiced in pursuit of its redress if the *Conn* Complaint and the open market purchasers' complaints are consolidated. The elements of the causes of action, the attendant pleading standards, and required proof for the Merger Class's strict liability claims under the Securities Act are fundamentally different from those of the open market purchasers class's Exchange Act claims, as this Court has heretofore recognized. *See Nanopierce Technologies, Inc. v. Southridge Capital Mgmt. LLC*, 2003 U.S. Dist. LEXIS 21854, at *29-*30 (S.D.N.Y. Dec. 4, 2003). Thus, any consolidation of the claims under a single complaint will prejudice the Merger Class by applying the heightened standards and additional elements of proof under Section 10(b). *Rombach v. Chang*, 355 F.3d at 171.

Indeed, the generic claims of efficiency proffered in support of consolidation do not tip scales in favor thereof nor justify the inherent and undue prejudice that will inure to the Merger Class by consolidating the complaints. As detailed above, the complaint filed on behalf of the Merger Class and those of the open market purchasers class do not evidence questions of law and fact common to both classes. Moreover, the *Conn* Complaint names 10 individual who have not been sued in the market purchasers actions, and the market purchasers actions names two parties not in the *Conn* Complaint. Thus, out of a total of 15 defendants, only three overlap: the Company and two individuals. And as demonstrated above, the law not only does not sufficiently overlap to support consolidating the complaints, consolidation will alter the legal standards for the Securities Act claims upon which the *Conn* Complaint was filed. In sum, the

-13-

predicates do not support consolidating the *Conn* Complaint with the open market actions for all purposes.

### III.

### CONN'S SELECTION OF COUNSEL SHOULD BE APPROVED

As noted in Conn's opening memorandum, the PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court, *see* 15 U.S.C. § 77z-1(a)(3)(B)(v), and the Court should only interfere with Lead Plaintiffs' selection when necessary to protect the interests of the class. H.R. Conf. Rpt. No. 104-369, at 35, 104th Cong. 1st Sess (Nov. 28, 1995). The Court, however, is also guided by Rule 23(g), which directs the Court to "appoint the best applicant to represent the interests of the class." Fed. R. Civ. P. 23(g)(2).

Here, Conn's selected counsel are the best applicants to represent the interests of the Merger Class because, unlike the three firms seeking lead status for the open market purchasers class, Conn's counsel are not conflicted by having a fiduciary obligation to the open market purchasers class. For example, because the threshold for proving a strict liability claim under Section 11 and 12 is not as great as a fraud claim under Section 10(b), Conn's counsel will not be shackled by having to weigh the impact that moving for summary judgment on the Merger Class's claims will have on the open market purchasers' claims as a matter of law or strategy. Further, Conn's counsel will be able to litigate and negotiate to maximize the recovery for the Merger Class without regard to any recovery under Section 10(b), which is particularly problematic where other counsel have a fiduciary obligation to maximize the recovery for a client with losses claimed to be in excess of $25.5 million under Section 10(b).

-14-

Conn's selected counsel are highly experienced in prosecuting securities class actions and here, their only interest will be in maximizing the recovery of the Merger Class. Accordingly, Conn's selection of class counsel should be approved.

## CONCLUSION

For the reasons stated herein and in his earlier memorandum of law, it is respectfully requested that the Court issue an Order appointing James Conn as Lead Plaintiff of the Merger Class; approving Pomerantz Haudek Block Grossman & Gross  LLP and Cotchett, Pitre and McCarthy as Co-Lead Counsel; and granting such other relief  as the Court may deem to be just and proper.

Dated: January 18, 2008

Respectfully submitted,

 /s *Stanley M. Grossman*

**POMERANTZ HAUDEK BLOCK**
  **GROSSMAN & GROSS LLP**
Stanley M. Grossman
Marc I. Gross
Patrick V. Dahlstrom
Joshua B. Silverman
100 Park Avenue
New York, New York 10017
Telephone:     (212) 661-1100
Facsimile:      (212) 661-8665

**COTCHETT, PITRE & McCARTHY**
Joseph W. Cotchett
Mark C. Molumphy
Nancy L. Fineman
Stuart G. Gross
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California  94010
Telephone:     (650) 697-6000
Facsimile:      (650) 697-0577

**Attorneys for James Conn**

-15-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **LIFE ENRICHMENT FOUNDATION,** individually and on behalf of all others similarly situated,<br><br>                             **Plaintiff,**<br><br>         -against-<br><br>**MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, AHMASS L. FAKAHANY, GREGORY J. FLEMING, and JEFFREY N. EDWARDS.**<br><br>                         **Defendants.** | Civil Action No. 07 Civ. 09633 (LBS) |
| **MICHAEL J. SAVENA,** Individually and on behalf of all others similarly situated,<br><br>                             **Plaintiff,**<br><br>         -against-<br><br>**MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, AHMASS L. FAKAHANY, GREGORY J. FLEMING, and JEFFREY N. EDWARDS.**<br><br>                         **Defendants.** | Civil Action No. 07 Civ. 09837 (LBS) |

[Additional Captions on Following Pages]

GARY KOSSEFF, Individually and On
Behalf of All Others Similarly Situated,

                              Plaintiff,

      -against-

MERRILL LYNCH & CO., INC., E.
STANLEY O'NEAL, AHMASS L.
FAKAHANY, GREGORY J. FLEMING, and
JEFFREY N. EDWARDS.

                              Defendants.

Civil Action No.  07 Civ. 10984 (LBS)


ROBERT R. GARBER, Individually and on
behalf of all others similarly situated,

                              Plaintiff,

      -against-

MERRILL LYNCH & CO., INC., E.
STANLEY O'NEAL, AHMASS L.
FAKAHANY, GREGORY J. FLEMING, and
JEFFREY N. EDWARDS.

                              Defendants.

Civil Action No.  07 Civ. 11080 (LBS)

<table>
<tr><td>

JAMES CONN, Individually and On Behalf of All Others Similarly Situated,

                             **Plaintiff,**

      -against-

MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, JEFFREY N. EDWARDS, LAWRENCE A. TOSI, ARMANDO M. CODINA, VIRGIS W. COLBERT, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, and CHARLES O. ROSSOTTI,

                       **Defendants.**

</td><td>

Civil Action No.  07 Civ. 11626 (LBS)

</td></tr>
</table>

## DECLARATION OF KENNETH N. KOTZ

    I, Kenneth N. Kotz, declare as follows:

    1.      I have been retained by Pomerantz Haudek Block Grossman and Gross LLP ("Counsel"), on behalf of Plaintiff James Conn, to assist in calculating the financial interest of certain lead plaintiff movants relating to their transactions in Merrill Lynch & Co., Inc. ("Merrill Lynch") common stock arising from shares of Merrill Lynch common stock the movants acquired as a result of Merrill Lynch's acquisition of First Republic Bank in September 2007 (the "First Republic Shares").  In addition to analyzing the financial interest of Mr. Conn, I have also analyzed the financial interest of the State Teachers Retirement System of Ohio ("STRS" or "Ohio STRS").

1

2.      I have calculated financial interest using the four "Olsten-Lax" factors commonly used in these types of actions.[1]  Generally, the Olsten-Lax factors are calculated in relation to a class period, but in this instance I understand movants are seeking Lead Plaintiff status for claims under the Securities Act of 1933 (the "Securities Act") relating to the First Republic Shares.[2]  Therefore, I calculate the factors as they relate to the movants' First Republic Shares and any subsequent sales of those shares based on the transactions provided by both movants.[3]

3.      Calculating the factors solely for the First Republic Shares requires the matching of purchases and sales of the movants after the acquisition to determine when (or if) the First Republic Shares were sold.  To match purchases and sales, I have used the "Last-In-First-Out" ("LIFO") and "First-In-First-Out" ("FIFO") methodologies.

4.      The following table summarizes the results of the four Olsten-Lax factors.  The fourth factor of approximate losses is calculated for both Section 11 and Section 12 claims.

---

[1] The four Olsten-Lax factors include: number of shares purchased during the class period; net number of shares purchased during the class period; net funds expended during the class period; and approximate losses.  See Memorandum and Order by Judge Nicholas G. Garaufis, March 2, 2007, *In re Comverse Technology, Inc. Securities Litigation*, United States District Court, Eastern District of New York, March 2, 2007 (the "Comverse Decision"), pp. 4-5.

[2] In the Class Action Complaint for Violation of Federal Securities Laws dated December 28, 2007 (the "Conn Complaint"), Plaintiff Conn alleges claims under Sections 11, 12(a)(2) and 15 of the Securities Act.  I refer to Section 12(a)(2) claims as Section 12.

[3] For the second and third factors, Counsel has asked me to assume a class period beginning on the First Republic merger and ending on November 7, 2007, the end of the proposed Class Period used by STRS.  I reserve the right to amend my analysis pending revisions in either the data or assumptions underlying the analysis.

| Factor | Conn[4] | STRS LIFO | STRS FIFO |
|---|---|---|---|
| 1 - Purchases | 23,702 | 788 | 788 |
| 2 - Net Purchases/(Sales) | 23,702 | 0 | 788 |
| 3 - Net Funds (Expended)/Gained | $ (1,777,650) | $ (1,114) | $ (59,100) |
| 4 - Approximate (Losses)/Gains - Section 11 | $ (349,487) | $ (1,114) | $ (17,360) |
| 4 - Approximate (Losses)/Gains - Section 12 | $ (373,185) | $ (1,216) | $ (18,468) |

5.       Based on my analysis, Mr. Conn had the greatest number of potentially damaged

shares (*i.e.*, purchases), the most net purchases, the most net funds expended and the greatest

losses under both Section 11 and Section 12.


## QUALIFICATIONS, COMPENSATION, AND MATERIALS REVIEWED

6.       I am a Vice President of Forensic Economics, Inc., located in Rochester, New

York.  I have been employed by Forensic Economics since 1999.  I have consulted on issues

pertaining to financial valuations, financial-economic analysis, and the analysis of stock price

reactions to public information in securities fraud lawsuits during this time period.  Forensic

Economics has been retained by both plaintiffs and defendants in such securities cases.

7.       I hold an M.S. in Applied Economics (1999) from the University of Rochester's

William E. Simon Graduate School of Business Administration.  I hold an M.B.A. in Finance

(1996) from the Loyola University Chicago Graduate School of Business, where I also received

an Outstanding Student award.  I have co-taught a corporate finance class and served as a

research and teaching assistant at the University of Rochester.  I have served as a research

---

[4] Because Mr. Conn's only purchase of Merrill Lynch common stock were his First
Republic Shares, the choice of share-matching methodology is irrelevant.

3

assistant to the finance faculty of the Loyola University Chicago Graduate School of Business.  I

was awarded the CFA® Charter and the right to use the Chartered Financial Analyst (CFA)®

designation as authorized by the CFA Institute in 2006.  My resume is attached to this

Declaration as Exhibit 1.

        8.      My compensation is based on the number of hours worked plus out-of-pocket

expenses.  My hourly rate is $250.  I was assisted by employees of Forensic Economics, Inc.,

who worked under my supervision and direction in connection with this assignment.  Forensic

Economics, Inc.'s hourly rates for employees range from $90 to $395.

        9.      In the course of this assignment, I reviewed, among other things, Merrill Lynch

stock price data and dividend history obtained from Bloomberg, the Complaint, and the

certifications and loss calculations of the movants.  I have attempted to cite in the text of this

Declaration specific documents and information on which I relied in my analysis.

## ANALYSIS

**Data**

        10.      I first detail the source of the transaction data I used and assumptions that I made

regarding the data in order to perform the analyses.[5]  I obtained transactions for Mr. Conn from

the Certificate of James Conn in Support of Class Action Complaint dated December 28, 2007

(the "Conn Certificate," attached as Exhibit 2).  The Conn Certificate lists total shares and costs

or proceeds of each transaction, which I used to calculate a per share price to the 4th decimal

---

     [5] I reserve the right to amend my analysis pending revisions in either the data or
assumptions underlying the analysis.

place. I obtained transactions for STRS from Schedule A of the Certification of State Teachers

Retirement System of Ohio Pursuant to the Federal Securities Laws dated January 2, 2008 (the

"STRS Certificate," attached as Exhibit 3). To calculate sales proceeds for STRS, I multiplied

the 4 decimal place price given by STRS by the number of shares. For unsold shares in the

fourth factor analysis, I used a price as detailed in the analysis. Exhibit 4 contains the

transaction data that I used for my calculations for both moving Plaintiffs, including a running

share balance that shows the number of shares held by each movant after each transaction.[6]

**Analysis of the Olsten-Lax Factors**

11.    The first factor is the number of shares purchased, and is equal to the number of

each movants' First Republic Shares as presented in the following table:

| Plaintiff | First Republic Shares |
|-----------|----------------------|
| Conn | 23,702 |
| STRS | 788 |

12.    Mr. Conn had the most Merrill Lynch shares acquired due to the acquisition of

First Republic by Merrill Lynch.

13.    The second factor includes shares sold, and is the net number of shares purchased

during the class period. Because damages under the Securities Act claims do not specify a class

period, Counsel has asked me to assume a class period beginning on the First Republic merger

and ending on November 7, 2007, the end of the proposed Class Period used by STRS. In

addition, because what is of interest here is solely transactions relating to the First Republic

---

[6] The STRS data includes transactions based on a proposed class period for Section 10(b) claims. Plaintiff Conn has not asserted Section 10(b) claims, and I have not been asked to calculate the movants' financial interest over the proposed Section 10(b) class period.

Shares, it is necessary to determine what sales (if any) of Merrill Lynch common stock made after the First Republic acquisition relate to the First Republic Shares, or whether they relate to other purchases of Merrill Lynch common stock. In order to make this determination, I employ two commonly used share-matching methodologies – LIFO and FIFO.[7]

14.     Under the LIFO method, a sale is matched to the most recent purchase of shares (occurring prior to the sale). For example, if an investor purchased 100 shares at time 1 and again at time 2 (for a total of 200 shares purchased), and subsequently sold 100 shares at time 3, the shares sold at time 3 would be matched to the most recent purchase of shares at time 2. The remaining time 1 purchased shares would be matched to the next sale if no intervening purchase occurs, but if another purchase occurs, any subsequent sales will first be matched to this purchase, because this new purchase will now become the most recent purchase.[8] Purchases unmatched to sales are considered held. Sales are only matched to purchases occurring prior to the sale, *i.e.*, a purchase can only be matched to a subsequent sale.

15.     Under the FIFO method, a sale is matched to the earliest purchase of shares (occurring prior to the sale). For example, if an investor purchased 100 shares at time 1 and again at time 2 (for a total of 200 shares purchased), and subsequently sold 100 shares at time 3, the shares sold at time 3 would be matched to the earliest purchase of shares at time 1. The remaining time 2 purchased shares would be matched to the next sale, because it will now become the earliest purchase, even if additional purchases are subsequently made. Purchases

---

[7] See the Comverse Decision, p. 15, fn10.

[8] As more purchases are made, they will, in turn, become the most recent purchase to be matched against the next sale.

unmatched to sales are considered held. Sales are only matched to purchases occurring prior to the sale, *i.e.*, a purchase can only be matched to a subsequent sale.

16.    Because Mr. Conn only had a single purchase, the choice of share-matching methodology is irrelevant. However, movant STRS owned Merrill Lynch common stock prior to the First Republic acquisition, and also made subsequent purchases (and sales) after the acquisition. Therefore, the choice of methodology will yield different share-matching results for STRS.

17.    STRS' 788 First Republic Shares were acquired on September 24, 2007. STRS' next transaction was a sale of 51,400 shares on October 1, 2007 (see Exhibit 4). Under LIFO, these shares would match to the most recent purchase prior to the sale (if no intervening sale occurred). Thus, the 788 First Republic Shares would be matched to 788 of the 51,400 shares sold on October 1, 2007 because the acquisition is the most recent purchase prior to the October 1, 2007 sale (and no other sales occurred between the acquisition and the October 1, 2007 sale).

18.    Under FIFO, sales made after the First Republic acquisition would be matched first to any shares that had been purchased prior to the acquisition but had not yet been sold. Prior to the acquisition, STRS had a share balance of 2,389,600 shares.[9] Based on the data provided by STRS, STRS sold 94,000 shares between the First Republic acquisition and November 7, 2007, which is less than STRS' 2.4 million share balance prior to the First

---

[9] STRS began with holdings of 2,142,400 Merrill Lynch shares in October 2006 and, between 10/23/06 and 9/21/07, purchased an additional 861,700 shares and sold 614,500 shares. 2,389,600 = 2,142,400 + 861,700 - 614,500. See Exhibit 4.

7

Republic acquisition. Therefore, under FIFO, the 788 First Republic Shares were still held by

STRS as of November 7, 2007.[10]

19.    The following table and Exhibit 5 present the Net Purchases of First Republic

Shares by both Plaintiff movants from the date of the acquisition through November 7, 2007.

| Plaintiff | Net Purchases/(Sales) |
|---|---|
| Conn | 23,702 |
| STRS - LIFO | 0 |
| STRS - FIFO | 788 |

20.    Mr. Conn had not made any sales of his First Republic Shares as of November 7,

2007, while STRS either sold its First Republic Shares in October 2007 (under LIFO) or were

still holding the shares as of November 7, 2007 (under FIFO).

21.    The third factor is net funds expended during the class period, which equal the

total proceeds from sales during the class period less the total costs from class period purchases.

This mirrors the previous factor, except instead of using share amounts, the dollar value of the

purchase or sale is used as an expenditure (for purchases) or gain (for sales). As before, I

assume a class period end of November 7, 2007. For the purchase expenditure, I used a merger

price of $75 per share, which was also equal to Merrill Lynch's opening stock price on

---

[10] The STRS Certificate contains transactions through November 7, 2007, with the last
transaction occurring on November 5, 2007.

September 24, 2007.[11]  No proceeds are calculated for shares still held as of November 7, 2007.
The results are presented below and in Exhibit 5:

| Plaintiff | Net Funds (Expended)/Gained |
|---|---|
| Conn | $ (1,777,650) |
| STRS - LIFO | $ (1,114) |
| STRS - FIFO | $ (59,100) |

22.     Mr. Conn had more net funds expended than STRS.

23.     The fourth Olsten-Lax factor is the approximate loss suffered.  I have been
instructed by Counsel to calculate losses based on the statutory Section 11 and Section 12
formulas.  Under Section 11, statutory damages are equal to the purchase price (but not to exceed
the offer price) less the greater of the lawsuit price and the sales price.[12]  Counsel has instructed
me to treat December 28, 2007 as the date of suit.  On December 28, 2007, Merrill Lynch's
common stock closed at $52.97 per share.  If not all shares received in the merger have been sold
(as is the case with STRS under the FIFO method), sales proceeds for these purchases are

---

[11] STRS assigned a price of $73.68, equal to Merrill Lynch's closing stock price on
September 24, 2007.  Applying this price to both STRS and Conn would slightly reduce each
movant's net funds expended.  The merger consideration for each share of First Republic Stock
was equal to $55 in cash or Merrill Lynch common stock.  An exchange ratio of 0.7332 was set,
which implies a purchase price of approximately $75 for each share of Merrill Lynch received:
$55 / 0.7332 = $75.0136.  Alternatively, to receive one share of Merrill Lynch stock, an investor
must have approximately 1.3639 shares of First Republic stock; 1.3639 x $55 = $75.01.  Source:
Bloomberg.

[12] For shares sold before the date of suit, the lawsuit price is not included in the
calculation of damages.  See Section 11(e).  Section 11(e) also allows defendants to remove from
recovery any portion of the loss that defendants can prove is not due to the alleged wrongdoing.

9

calculated based on the lawsuit price of $52.97.[13]  The following table presents a summary of the Section 11 damages, which are calculated in Exhibit 6:

| Plaintiff | Number of Shares | Net (Losses)/Gains |
|---|---|---|
| Conn | 23,702 | $ (349,487) |
| STRS - LIFO | 788 | $ (1,114) |
| STRS - FIFO | 788 | $ (17,360) |

24.    Under Section 12, damages are calculated as the purchase cost plus interest through the date of sale of the security less any dividends received and sale proceeds.[14,15]  If a share has not been sold, Counsel has instructed me to assume that it is sold on December 28, 2007 at the Section 11 lawsuit price.[16]  Counsel has instructed me to calculate interest at a simple interest rate of 9% per annum, the statutory rate under New York State law.  In addition, Merrill Lynch paid a quarterly dividend of $0.35 per share in October 2007.  The following table presents a summary of the Section 12 damages, which are calculated in Exhibit 7:

---

[13]  If STRS eventually sells any of the held First Republic Shares (under FIFO) at higher prices, than STRS' FIFO losses will be reduced.  If STRS eventually sells any of the held First Republic Shares (under FIFO) at a price lower than the lawsuit prices, losses cannot increase because the lawsuit price would be the controlling price in calculating damages.

[14]  Section 12(a)(2).  If a share has not been sold, it would be returned to the seller for the original purchase price.  This would effectively yield damages of the purchase price less the current value of the share at the time the share was returned (*i.e.*, equivalent to if the investor sells the share rather than returning it to the seller).

[15]  Similar to Section 11(e), Section 12(b) allows defendants to remove from recovery any portion of the loss that defendants can prove is not due to the alleged wrongdoing

[16]  The amount of damages would increase over time with the addition of interest, decline with dividends paid and could increase or decrease depending on share price movements.

10

| Plaintiff | Number of Shares | Net (Losses)/Gains |
|-----------|------------------|--------------------|
| Conn | 23,702 | $ (373,185) |
| STRS - LIFO | 788 | $ (1,216) |
| STRS - FIFO | 788 | $ (18,468) |

25.    Mr. Conn has the greatest loss suffered under both Section 11 and Section 12.[17]

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this |7 th day of January, 2008
at Rochester, New York

Kenneth N. Kotz

---

[17] I note that, under FIFO and ignoring interest and dividends, even if the sale price of STRS' First Republic Shares declined to zero, Mr. Conn would have the greatest Section 12 losses. STRS' loss would simply equal $75 multiplied by 788 shares, or $59,100.

11

January 2008

## KENNETH N. KOTZ, CFA

| Business Address: | Home Address: |
|---|---|
| Forensic Economics, Inc. | 85 Coral Way |
| 95 Allens Creek Road | Rochester, New York 14618 |
| Building 2, Suite 303 | (585) 241-3230 |
| Rochester, New York 14618 | |
| (585) 385-7440 | |
| (585) 385-7441 FAX | |
| ken@forensiceconomics.com | |

### Employment and Education

8/99-present **Forensic Economics, Inc.,** Rochester, NY.
Vice President. Consulting in financial-economic analysis in securities litigation and business disputes.

6/96-12/99 **M.S. in Applied Economics, Finance and Accounting,** William E. Simon Graduate School of Business Administration, University of Rochester, Rochester, NY.

9/97-12/99 **William E. Simon Graduate School of Business Administration, University of Rochester, Rochester, NY.**
Instructor and Teaching Assistant.

1994-1996 **M.B.A., Finance,** Loyola University Chicago, Chicago, IL.

1994-1996 **Loyola University Chicago,** Chicago, IL.
Research Assistant, Finance Department.

1995-1996 **Financial and Economics Strategies Corporation,** Chicago IL.
Research Assistant.

1991-1994 **Midwest European Publications, Inc.,** Evanston, IL.
Assistant Manager.

1986-1989 **B.A., History,** University of Pennsylvania, Philadelphia, PA.

## Publications

Automation versus intermediation: Evidence from treasuries going off the run (with M. Barclay and T. Hendershott), *The Journal of Finance*, vol. 61 no. 5, October 2006, 2395-2414.

## Working papers

Stock price effects of changes in the accounting procedure set, October 1999.

IPO underpricing, information asymmetry, and dividend policy, June 1999.

The stock price reaction to shareholder proposals, June 1998.

The investment opportunity set and the stock price reaction to dividend changes, January 1998.

## Awards

Awarded the CFA® Charter and the right to use the Chartered Financial Analyst (CFA)® designation as authorized by the CFA Institute (2006).

Fellowship, William E. Simon Graduate School of Business Administration, University of Rochester (1996-1999).

Outstanding Student Award, Loyola University Chicago (1996).

Phi Beta Kappa, Loyola University Chicago (1996).

Graduate Scholarship, Loyola University Chicago (1994-1996).

## Testimonial Experience

Supplemental Declaration of Kenneth N. Kotz in Eugene Kratz vs. Beazer Homes USA, Inc. et al., New Jersey Building Laborers Pension Fund vs. Beazer Homes USA, Inc. et al., and IBEW Local 1579 Pension Plan vs. Beazer Homes USA, Inc. et al. in the United States District Court Southern District of Georgia, Civil Action Nos. 1:07-CV-00725, 1:07-CV-1139 and 1:07-CV-1151 (July 2, 2007).

Declaration of Kenneth N. Kotz in Eugene Kratz vs. Beazer Homes USA, Inc., et al., New Jersey Building Laborers Pension Fund vs. Beazer Homes USA, Inc. et al., and IBEW Local 1579 Pension Plan vs. Beazer Homes USA, Inc., et al. in the United States District Court Southern District of Georgia, Civil Action Nos. 1:07-CV-00725, 1:07-CV-1139 and 1:07-CV-1151 (June 15, 2007).

Declaration of Kenneth N. Kotz in <u>Tully Nadel et al. against Comverse Technology Inc. et al.,</u>
<u>David Thomas et al. against Comverse Technology, Inc. et al., and Lance Moore et al.</u>
<u>against Comverse Technology, Inc. et al.</u> in the United States District Court Southern
District of New York, Civil Action Nos. 06 Civ. 3190 (LAK), 06 Civ. 3445 (LAK) and
06 Civ. 4418 (LAK) (July 6, 2006).

Declaration of Kenneth N. Kotz in <u>Anthony Caiafa et al. against Comverse Technology Inc. et</u>
<u>al. and James M. Gorman et al. against Comverse Technology, Inc. et al.</u> in the United
States District Court Eastern District of New York, Civil Action Nos. 06 CV 1825 (NGG)
and 06 CV2738 (NGG) (July 6, 2006).

**Exhibit 2**
**The Conn Certificate**

## CERTIFICATE OF JAMES CONN IN SUPPORT OF
## CLASS ACTION COMPLAINT

I, JAMES CONN, declare, as to the claims asserted under the federal securities laws, that:

1.    I have reviewed the complaint prepared by counsel in the above-captioned case and have authorized its filing.

2.    I did not purchase or obtain the security that is the subject of the complaint at the direction of my counsel or in order to participate in any private action arising under the federal securities laws.

3.    I am willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4.    In the past three years, I have not served, nor sought to serve, as a representative party on behalf of a class in an action filed under the federal securities laws.

5.    I will not accept payment for serving as a representative party on behalf of a class beyond my pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the Class as ordered or approved by the Court.

6.    I made the following transactions in securities that are the subject of this action: I exchanged 30,871 shares of First Republic common stock for 22,634 shares of Merrill Lynch stock, and exchanged an additional 5,150 shares of First Republic restricted common stock for cash and 1,068 shares of Merrill Lynch stock.  Thus, I

received a total of 23,702 shares of Merrill Lynch common stock on September 21, 2007.

I disposed of the Merrill Lynch shares acquired in the Merger as follows:

| Date | Shares sold | Proceeds |
|------|-------------|----------|
| 12/03/07 | 5,000 | $   296,510.00 |
| 12/06/07 | 15,000 | $   900,000.00 |
| 12/10/07 | 3,702 | $   231,653.02 |
| Total | 23,702 | $1,428,163.02 |

I declare under penalty of perjury that the foregoing is true and correct. Executed this 28th day of December 2007.

JAMES CONN

**Exhibit 3**
**The STRS Certificate**

## CERTIFICATION OF
## STATE TEACHERS RETIREMENT SYSTEM OF OHIO
## PURSUANT TO THE FEDERAL SECURITIES LAWS

State Teachers Retirement System of Ohio ("STRS") declares, as follows:

1.    STRS has reviewed the complaint filed against Merrill Lynch & Co., Inc. ("Merrill Lynch") and certain of its officers and directors captioned *Life Enrichment Foundation v. Merrill Lynch & Co., Inc., et al.*, 07-CV-09633 (S.D.N.Y.).

2.    STRS has retained as co-lead counsel in this litigation the law firms of Berger & Montague, P.C., Kaplan Fox & Kilsheimer LLP, and Schiffrin Barroway Topaz & Kessler, LLP.  STRS did not purchase the security that is the subject of this action at the direction of its counsel or in order to participate in any private action arising under the Private Securities Litigation Reform Act (the "PSLRA").

3.    STRS is willing to serve as a representative party on behalf of the class in this litigation and to testify at deposition and trial, if necessary.

4.    STRS's transactions in Merrill Lynch securities that are the subject of the complaint are set forth on Schedule A attached hereto.

5.    STRS has not served as, or sought to serve as, a representative party on behalf of a class action filed under the PSLRA during the three-year period preceding the date on which this Certification is signed, except the following:

   a)    *Zuckerman v. Scottish Re Group LTD, et al.*, Case No. 06-cv-5853, U.S. District Court, Southern District of New York (Appointed).

   b)    *Freudenberg v. E*Trade Financial Corp., et al.*, Civil Action No. 07-cv-8538 U. S. District Court, Southern District of New York (Application Pending).

   c)    *Bakshi v. Samueli*, No. 2:06-cv-5036, U.S. District Court, Central District of California.[1]

6.    STRS will not accept any payment for serving as a representative party, except to receive its pro rata share of any recovery as ordered or approved by the Court and any award to it by the Court of reasonable costs and expenses (including lost wages and travel expenses) directly relating to its representation of the class.

---

[1] STRS subsequently withdrew its application for appointment as lead plaintiff in *Bakshi v. Samueli*.

I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct. Executed this _____ day of January, 2008.

State Teachers Retirement System of Ohio

By: _____
William J. Neville

Title: _____
General Counsel, STRS Ohio

433685.wpd

**SCHEDULE A**

## OHIO - STATE TEACHERS RETIREMENT SYSTEM (STRS)

### Merrill Lynch & Co., Inc.

### Transactions During Class Period: October 17, 2006 through November 7, 2007

| Trade Date | Transaction Type | No. Shares Bought | Purchase Price / Share | Purchase Cost | No. Shares Sold | Price / Share Sold | Sales Proceeds |
|---|---|---|---|---|---|---|---|
| **BEGINNING BALANCE** | | 2,142,400 | | | | | |
| **CLASS PERIOD TRANSACTIONS** | | | | | | | |
| 10/23/06 | BUY | 140,000 | $85.4004 | $  11,956,056 | | | |
| 11/09/06 | SELL | | | | 900 | $87.8911 | N/A - match to pre-class holdings |
| 11/09/06 | SELL | | | | 14,959 | $88.4437 | N/A - match to pre-class holdings |
| 11/09/06 | SELL | | | | 5,500 | $88.7550 | N/A - match to pre-class holdings |
| 11/10/06 | SELL | | | | 5,341 | $87.8597 | N/A - match to pre-class holdings |
| 11/13/06 | SELL | | | | 2,500 | $89.6516 | N/A - match to pre-class holdings |
| 11/21/06 | SELL | | | | 2,400 | $91.9030 | N/A - match to pre-class holdings |
| 12/11/06 | BUY | 600 | $90.7118 | $  54,427 | | | |
| 01/08/07 | SELL | | | | 1,000 | $92.9965 | N/A - match to pre-class holdings |
| 01/09/07 | SELL | | | | 2,400 | $92.8091 | N/A - match to pre-class holdings |
| 01/19/07 | SELL | | | | 38,000 | $95.6015 | N/A - match to pre-class holdings |
| 01/29/07 | SELL | | | | 200 | $93.1437 | N/A - match to pre-class holdings |
| 02/15/07 | BUY | 700 | $93.7159 | $  65,601 | | | |
| 02/22/07 | SELL | | | | 2,300 | $92.0082 | N/A - match to pre-class holdings |
| 02/27/07 | BUY | 25,000 | $84.9600 | $  2,124,000 | | | |
| 03/07/07 | SELL | | | | 7,800 | $82.9799 | N/A - match to pre-class holdings |
| 03/14/07 | SELL | | | | 175,000 | $79.0333 | N/A - match to pre-class holdings |
| 03/23/07 | BUY | 53,000 | $85.5342 | $  4,533,313 | | | |

Transaction List                                    Page 1 of 4

**OHIO - STATE TEACHERS RETIREMENT SYSTEM (STRS)**

**Merrill Lynch & Co., Inc.**

**Transactions During Class Period: October 17, 2006 through November 7, 2007**

| Trade Date | Transaction Type | No. Shares Bought | Purchase Price / Share | Purchase Cost | No. Shares Sold | Price / Share Sold | Sales Proceeds |
|---|---|---|---|---|---|---|---|
| 04/04/07 | BUY | 12,000 | $85.3588 | $    1,024,306 | | | |
| 04/05/07 | SELL | | | | 2,100 | $85.9413 | N/A - match to pre-class holdings |
| 04/18/07 | BUY | 36,000 | $90.9394 | $    3,273,818 | | | |
| 04/23/07 | BUY | 110,000 | $91.6215 | $   10,078,365 | | | |
| 04/24/07 | BUY | 70,000 | $90.7283 | $    6,350,981 | | | |
| 05/31/07 | SELL | | | | 57,200 | $92.7300 | N/A - match to pre-class holdings |
| 06/15/07 | BUY | 2,500 | $90.6837 | $      226,709 | | | |
| 06/22/07 | BUY | 2,800 | $85.2750 | $      238,770 | | | |
| 06/22/07 | SELL | | | | 20,800 | $84.4800 | N/A - match to pre-class holdings |
| 06/29/07 | BUY | 50,000 | $83.7298 | $    4,186,490 | | | |
| 06/29/07 | BUY | 25,000 | $83.2596 | $    2,081,490 | | | |
| 07/05/07 | BUY | 28,100 | $83.9786 | $    2,359,799 | | | |
| 07/10/07 | SELL | | | | 7,400 | $84.2045 | N/A - match to pre-class holdings |
| 07/12/07 | SELL | | | | 192,600 | $84.1803 | N/A - match to pre-class holdings |
| 07/13/07 | BUY | 40,000 | $86.6457 | $    3,465,828 | | | |
| 07/18/07 | BUY | 50,000 | $84.2665 | $    4,213,325 | | | |
| 07/20/07 | BUY | 15,000 | $80.0400 | $    1,200,600 | | | |
| 07/23/07 | SELL | | | | 36,400 | $80.1080 | N/A - match to pre-class holdings |
| 07/26/07 | BUY | 25,000 | $75.4144 | $    1,885,360 | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **OHIO - STATE TEACHERS RETIREMENT SYSTEM (STRS)** | | | | | | | | |
| **Merrill Lynch & Co., Inc.** | | | | | | | | |
| **Transactions During Class Period: October 17, 2006 through November 7, 2007** | | | | | | | | |
| **Trade Date** | **Transaction Type** | **No. Shares Bought** | **Purchase Price / Share** | **Purchase Cost** | | **No. Shares Sold** | **Price / Share Sold** | **Sales Proceeds** |
| 07/26/07 | BUY | 25,000 | $74.1078 | $ | 1,852,695 | | | |
| 08/01/07 | BUY | 30,000 | $72.4041 | $ | 2,172,123 | | | |
| 08/07/07 | SELL | | | | | 1,500 | $75.4683 | N/A - match to pre-class holdings |
| 08/10/07 | BUY | 6,000 | $73.6891 | $ | 442,135 | | | |
| 08/13/07 | BUY | 4,000 | $74.9555 | $ | 299,822 | | | |
| 08/14/07 | SELL | | | | | 29,200 | $71.6183 | N/A - match to pre-class holdings |
| 08/22/07 | BUY | 20,000 | $77.2384 | $ | 1,544,768 | | | |
| 08/22/07 | BUY | 70,000 | $76.9249 | $ | 5,384,746 | | | |
| 08/30/07 | BUY | 10,000 | $72.0906 | $ | 720,906 | | | |
| 09/11/07 | SELL | | | | | 2,000 | $73.0152 | N/A - match to pre-class holdings |
| 09/18/07 | SELL | | | | | 2,300 | $74.1677 | N/A - match to pre-class holdings |
| 09/18/07 | SELL | | | | | 4,700 | $74.1089 | N/A - match to pre-class holdings |
| 09/21/07 | BUY | 11,000 | $74.7300 | $ | 822,030 | | | |
| 09/24/07 | ACQUISITION | 788 | $73.6800 | $ | 58,060 [1] | | | |
| 10/01/07 | SELL | | | | | 51,400 | $73.5859 | N/A - match to pre-class holdings |
| 10/10/07 | SELL | | | | | 33,800 | $74.3542 | N/A - match to pre-class holdings |
| 10/10/07 | SELL | | | | | 7,600 | $74.4389 | N/A - match to pre-class holdings |
| 10/15/07 | SELL | | | | | 1,200 | $74.3662 | N/A - match to pre-class holdings |
| 10/23/07 | BUY | 60,000 | $65.5831 | $ | 3,934,986 | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **OHIO - STATE TEACHERS RETIREMENT SYSTEM (STRS)** | | | | | | | | |
| **Merrill Lynch & Co., Inc.** | | | | | | | | |
| **Transactions During Class Period: October 17, 2006 through November 7, 2007** | | | | | | | | |
| **Trade Date** | **Transaction Type** | **No. Shares Bought** | **Purchase Price / Share** | **Purchase Cost** | | **No. Shares Sold** | **Price / Share Sold** | **Sales Proceeds** |
| 10/30/07 | BUY | 60,000 | $65.9124 | $ | 3,954,744 | | | |
| 11/02/07 | BUY | 87,000 | $56.7250 | $ | 4,935,075 | | | |
| 11/05/07 | BUY | 90,000 | $56.4633 | $ | 5,081,697 | | | |
| **CLASS PD TOTALS** | | **1,159,488** | | **$ 90,523,024** | | **708,500** | | **$          -** |
| | | | | | | | | |
| **RETAINED  11/07/07** | | **2,593,388** | | | | | | |
| | | | | | | | | |
| **CLASS PD. RETAINED** | | **1,159,488** | (No. of shares purchased in the class period & still held at close on 11/07/07) | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| Note: | | | | | | | | |
| [1]  Merrill Lynch shares acquired in acquisition of First Republic valued as of closing price on 9/24/07 | | | | | | | | |

Exhibit 4
Movant Merrrill Lynch Common Stock Transactions

| Movant | Date | Transaction | Shares | Share Balance | Price | (Cost)/ Proceeds |
|--------|------|-------------|--------|---------------|-------|------------------|
| Conn | 9/24/2007 | 1st Republic | 23,702 | 23,702 | $75.0000 | ($1,777,650.00) |
| Conn | 12/3/2007 | Sale | (5,000) | 18,702 | $59.3020 | $296,510.00 |
| Conn | 12/6/2007 | Sale | (15,000) | 3,702 | $60.0000 | $900,000.00 |
| Conn | 12/10/2007 | Sale | (3,702) | 0 | $62.5751 | $231,653.02 |
| STRS | pre Class Period Holdings | | 2,142,400 | 2,142,400 | | |
| STRS | 10/23/2006 | Purchase | 140,000 | 2,282,400 | $85.4004 | ($11,956,056.00) |
| STRS | 11/9/2006 | Sale | (900) | 2,281,500 | $87.8911 | $79,101.99 |
| STRS | 11/9/2006 | Sale | (14,959) | 2,266,541 | $88.4437 | $1,323,029.31 |
| STRS | 11/9/2006 | Sale | (5,500) | 2,261,041 | $88.7550 | $488,152.50 |
| STRS | 11/10/2006 | Sale | (5,341) | 2,255,700 | $87.8597 | $469,258.66 |
| STRS | 11/13/2006 | Sale | (2,500) | 2,253,200 | $89.6516 | $224,129.00 |
| STRS | 11/21/2006 | Sale | (2,400) | 2,250,800 | $91.9030 | $220,567.20 |
| STRS | 12/11/2006 | Purchase | 600 | 2,251,400 | $90.7118 | ($54,427.08) |
| STRS | 1/8/2007 | Sale | (1,000) | 2,250,400 | $92.9965 | $92,996.50 |
| STRS | 1/9/2007 | Sale | (2,400) | 2,248,000 | $92.8091 | $222,741.84 |
| STRS | 1/19/2007 | Sale | (38,000) | 2,210,000 | $95.6015 | $3,632,857.00 |
| STRS | 1/29/2007 | Sale | (200) | 2,209,800 | $93.1437 | $18,628.74 |
| STRS | 2/15/2007 | Purchase | 700 | 2,210,500 | $93.7159 | ($65,601.13) |
| STRS | 2/22/2007 | Sale | (2,300) | 2,208,200 | $92.0082 | $211,618.86 |
| STRS | 2/27/2007 | Purchase | 25,000 | 2,233,200 | $84.9600 | ($2,124,000.00) |
| STRS | 3/7/2007 | Sale | (7,800) | 2,225,400 | $82.9799 | $647,243.22 |
| STRS | 3/14/2007 | Sale | (175,000) | 2,050,400 | $79.0333 | $13,830,827.50 |
| STRS | 3/23/2007 | Purchase | 53,000 | 2,103,400 | $85.5342 | ($4,533,312.60) |
| STRS | 4/4/2007 | Purchase | 12,000 | 2,115,400 | $85.3588 | ($1,024,305.60) |
| STRS | 4/5/2007 | Sale | (2,100) | 2,113,300 | $85.9413 | $180,476.73 |
| STRS | 4/18/2007 | Purchase | 36,000 | 2,149,300 | $90.9394 | ($3,273,818.40) |
| STRS | 4/23/2007 | Purchase | 110,000 | 2,259,300 | $91.6215 | ($10,078,365.00) |
| STRS | 4/24/2007 | Purchase | 70,000 | 2,329,300 | $90.7283 | ($6,350,981.00) |
| STRS | 5/31/2007 | Sale | (57,200) | 2,272,100 | $92.7300 | $5,304,156.00 |
| STRS | 6/15/2007 | Purchase | 2,500 | 2,274,600 | $90.6837 | ($226,709.25) |
| STRS | 6/22/2007 | Purchase | 2,800 | 2,277,400 | $85.2750 | ($238,770.00) |
| STRS | 6/22/2007 | Sale | (20,800) | 2,256,600 | $84.4800 | $1,757,184.00 |
| STRS | 6/29/2007 | Purchase | 50,000 | 2,306,600 | $83.7298 | ($4,186,490.00) |
| STRS | 6/29/2007 | Purchase | 25,000 | 2,331,600 | $83.2596 | ($2,081,490.00) |
| STRS | 7/5/2007 | Purchase | 28,100 | 2,359,700 | $83.9786 | ($2,359,798.66) |
| STRS | 7/10/2007 | Sale | (7,400) | 2,352,300 | $84.2045 | $623,113.30 |
| STRS | 7/12/2007 | Sale | (192,600) | 2,159,700 | $84.1803 | $16,213,125.78 |
| STRS | 7/13/2007 | Purchase | 40,000 | 2,199,700 | $86.6457 | ($3,465,828.00) |
| STRS | 7/18/2007 | Purchase | 50,000 | 2,249,700 | $84.2665 | ($4,213,325.00) |
| STRS | 7/20/2007 | Purchase | 15,000 | 2,264,700 | $80.0400 | ($1,200,600.00) |
| STRS | 7/23/2007 | Sale | (36,400) | 2,228,300 | $80.1080 | $2,915,931.20 |
| STRS | 7/26/2007 | Purchase | 25,000 | 2,253,300 | $75.4144 | ($1,885,360.00) |
| STRS | 7/26/2007 | Purchase | 25,000 | 2,278,300 | $74.1078 | ($1,852,695.00) |
| STRS | 8/1/2007 | Purchase | 30,000 | 2,308,300 | $72.4041 | ($2,172,123.00) |
| STRS | 8/7/2007 | Sale | (1,500) | 2,306,800 | $75.4683 | $113,202.45 |
| STRS | 8/10/2007 | Purchase | 6,000 | 2,312,800 | $73.6891 | ($442,134.60) |
| STRS | 8/13/2007 | Purchase | 4,000 | 2,316,800 | $74.9555 | ($299,822.00) |

### Exhibit 4
### Movant Merrrill Lynch Common Stock Transactions

| Movant | Date | Transaction | Shares | Share Balance | Price | (Cost)/ Proceeds |
|--------|------|-------------|--------|---------------|-------|------------------|
| STRS | 8/14/2007 | Sale | (29,200) | 2,287,600 | $71.6183 | $2,091,254.36 |
| STRS | 8/22/2007 | Purchase | 20,000 | 2,307,600 | $77.2384 | ($1,544,768.00) |
| STRS | 8/22/2007 | Purchase | 70,000 | 2,377,600 | $76.9249 | ($5,384,743.00) |
| STRS | 8/30/2007 | Purchase | 10,000 | 2,387,600 | $72.0906 | ($720,906.00) |
| STRS | 9/11/2007 | Sale | (2,000) | 2,385,600 | $73.0152 | $146,030.40 |
| STRS | 9/18/2007 | Sale | (2,300) | 2,383,300 | $74.1677 | $170,585.71 |
| STRS | 9/18/2007 | Sale | (4,700) | 2,378,600 | $74.1089 | $348,311.83 |
| STRS | 9/21/2007 | Purchase | 11,000 | 2,389,600 | $74.7300 | ($822,030.00) |
| STRS | 9/24/2007 | 1st Republic | 788 | 2,390,388 | $73.6800 | ($58,059.84) |
| STRS | 10/1/2007 | Sale | (51,400) | 2,338,988 | $73.5859 | $3,782,315.26 |
| STRS | 10/10/2007 | Sale | (33,800) | 2,305,188 | $74.3542 | $2,513,171.96 |
| STRS | 10/10/2007 | Sale | (7,600) | 2,297,588 | $74.4389 | $565,735.64 |
| STRS | 10/15/2007 | Sale | (1,200) | 2,296,388 | $74.3662 | $89,239.44 |
| STRS | 10/23/2007 | Purchase | 60,000 | 2,356,388 | $65.5831 | ($3,934,986.00) |
| STRS | 10/30/2007 | Purchase | 60,000 | 2,416,388 | $65.9124 | ($3,954,744.00) |
| STRS | 11/2/2007 | Purchase | 87,000 | 2,503,388 | $56.7250 | ($4,935,075.00) |
| STRS | 11/5/2007 | Purchase | 90,000 | 2,593,388 | $56.4633 | ($5,081,697.00) |

**Notes:**
Source for Conn transactions: Exhibit 2. Price calculated as cost/proceeds divided by shares.
Source for STRS transactions: Exhibit 3. (Cost)/Proceeds calculated as -Shares x Price.
     August 22, 2007 proceeds are $3 lower than proceeds listed by STRS.
Share Balance equals previous share balance + shares.

**Exhibit 5**
**Calculation of Net Purchases and Funds Expended**
**from the First Republic Acquistion through November 7, 2007**

|  | [A]<br><br>CONN | [B]<br>STRS<br>LIFO | [C]<br>STRS<br>FIFO |
|---|---|---|---|
| [1] First Republic Shares | 23,702 | 788 | 788 |
| [2] Purchase Price | $75 | $75 | $75 |
| [3] Cost | ($1,777,650.00) | ($59,100.00) | ($59,100.00) |
| [4] Sales of First Republic Shares | | | |
| through November 7, 2007 | none | | none |
| Date | | 10/1/2007 | |
| Shares | | 788 | |
| Price | | $73.5859 | |
| Proceeds | | $57,985.69 | |
| [5] Net Purchases | 23,702 | 0 | 788 |
| [6] Net Funds Expended | ($1,777,650.00) | ($1,114.31) | ($59,100.00) |

**Notes:**
[1] Source: Exhibit 4.
[2] Merger price, also equal to Merrill Lynch opening stock price on 9/24/07.
[3] = [1] x [2].
[4] Source: Exhibit 4.
[5] Equals First Republic Shares [1] less shares sold through November 7, 2007.
[6] Equals Cost [3] plus proceeds from sales through November 7, 2007.

FORENSIC ECONOMICS, INC.

Exhibit 6
Calculation of Section 11 Damages

|  | [A] | [B] STRS | [C] STRS |
|---|---|---|---|
|  | CONN | LIFO | FIFO |
| [1] First Republic Shares | 23,702 | 788 | 788 |
| [2] Purchase Price | $75 | $75 | $75 |
| [3] Cost | ($1,777,650.00) | ($59,100.00) | ($59,100.00) |
|  |  |  |  |
| [4] Sales of First Republic Shares |  |  |  |
| Date | 12/3/2007 | 10/1/2007 | HELD |
| Shares | 5,000 | 788 | 788 |
| Price | $59.3020 | $73.5859 | $52.9700 |
| Proceeds | $296,510.00 | $57,985.69 | $41,740.36 |
|  |  |  |  |
| Date | 12/6/2007 |  |  |
| Shares | 15,000 |  |  |
| Price | $60.0000 |  |  |
| Proceeds | $900,000.00 |  |  |
|  |  |  |  |
| Date | 12/10/2007 |  |  |
| Shares | 3,702 |  |  |
| Price | $62.5751 |  |  |
| Proceeds | $231,653.02 |  |  |
|  |  |  |  |
| [5] Total Proceeds | $1,428,163.02 | $57,985.69 | $41,740.36 |
| [6] Section 11 Loss | ($349,486.98) | ($1,114.31) | ($17,359.64) |

**Notes:**
[1] Source: Exhibit 4.
[2] Merger price, also equal to Merrill Lynch opening stock price on 9/24/07.
[3] = [1] x [2].
[4A] Source: Exhibit 4, Conn transactions.
[4B] Source: Exhibit 4, STRS transactions.
[4C] Shares still held are treated as selling at the lawsuit price of $52.97.
     Proceeds equal shares x price.
[5] Equals sum of all sales proceeds including held shares.
[6] = [3] + [5].

Exhibit 7
Calculation of Section 12 Damages

|  | [A] CONN | [B] STRS LIFO | [C] STRS FIFO |
|---|---|---|---|
| [1] First Republic Shares | 23,702 | 788 | 788 |
| [2] Purchase Price | $75 | $75 | $75 |
| [3] Cost | ($1,777,650.00) | ($59,100.00) | ($59,100.00) |
|  |  |  |  |
| [4] Sales of First Republic Shares |  |  |  |
| Date | 12/3/2007 | 10/1/2007 | HELD |
| Shares | 5,000 | 788 | 788 |
| Price | $59.3020 | $73.5859 | $52.9700 |
| Proceeds | $296,510.00 | $57,985.69 | $41,740.36 |
| Interest for Shares Sold | ($6,472.60) | ($102.01) | ($1,384.40) |
|  |  |  |  |
| Date | 12/6/2007 |  |  |
| Shares | 15,000 |  |  |
| Price | $60.0000 |  |  |
| Proceeds | $900,000.00 |  |  |
| Interest for Shares Sold | ($20,250.00) |  |  |
|  |  |  |  |
| Date | 12/10/2007 |  |  |
| Shares | 3,702 |  |  |
| Price | $62.5751 |  |  |
| Proceeds | $231,653.02 |  |  |
| Interest for Shares Sold | ($5,271.55) |  |  |
|  |  |  |  |
| [5] Total Sale Proceeds | $1,428,163.02 | $57,985.69 | $41,740.36 |
| [6] Total Interest on Shares Sold | ($31,994.15) | ($102.01) | ($1,384.40) |
| [7] Total Dividends | $8,295.70 | $0.00 | $275.80 |
|  |  |  |  |
| [8] Total Loss/(Gain) | ($373,185.43) | ($1,216.32) | ($18,468.24) |

**Notes:**
[1] Source: Exhibit 4.
[2] Merger price, also equal to Merrill Lynch opening stock price on 9/24/07.
[3] = [1] x [2].
[4A] Source: Exhibit 4, Conn transactions.
[4B] Source: Exhibit 4, STRS transactions.
[4C] Shares still held are treated as selling on 12/28/07 at the Section 11 lawsuit price
    of $52.97. Proceeds equal shares x price.
[4A-C] Interest calculated as Shares Sold multiplied by Purchase Price [2]
    multiplied by simple interest rate of 9% per annum (pro-rated on a daily basis).
    Interest is a negative number as it is an additional loss incurred for damages.
[5] Equals sum of all sales proceeds including held (12/28/07) shares.
[6] Equals sum of all interest for shares sold including held shares.
[7] Equals purchased shares not traded prior to October 31, 2007 multiplied by $0.35.
[8] = [3] + [5] + [6] + [7].

FORENSIC ECONOMICS, INC.

**POMERANTZ HAUDEK BLOCK**
 **GROSSMAN & GROSS LLP**
Stanley M. Grossman
Patrick V. Dahlstrom
Joshua B. Silverman
100 Park Avenue
New York, New York 10017
Telephone:    (212) 661-1100
Facsimile:    (212) 661-8665

**COTCHETT, PITRE & McCARTHY**
Joseph W. Cotchett
Mark C. Molumphy
Nancy L. Fineman
Stuart G. Gross
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone:    (650) 697-6000
Facsimile:    (650) 697-0577

**Attorneys for James Conn**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **LIFE ENRICHMENT FOUNDATION,** **individually and on behalf of all others** **similarly situated,**<br><br>              **Plaintiff,**<br><br>      -against-<br><br>**MERRILL LYNCH & CO., INC., E.** **STANLEY O'NEAL, AHMASS L.** **FAKAHANY, GREGORY J. FLEMING, and** **JEFFREY N. EDWARDS.**<br><br>              **Defendants.** | **Civil Action No. 07 Civ. 09633 (LBS)** |

[Additional captions on succeeding pages.]

**CERTIFICATE OF SERVICE**

**MICHAEL J. SAVENA, Individually and on behalf of all others similarly situated,**

                              **Plaintiff,**

       **-against-**

**MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, AHMASS L. FAKAHANY, GREGORY J. FLEMING, and JEFFREY N. EDWARDS.**

                          **Defendants.**

**Civil Action No. 07 Civ. 09837 (LBS)**

---

**GARY KOSSEFF, Individually and On Behalf of All Others Similarly Situated,**

                              **Plaintiff,**

       **-against-**

**MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, AHMASS L. FAKAHANY, GREGORY J. FLEMING, and JEFFREY N. EDWARDS.**

                          **Defendants.**

**Civil Action No. 07 Civ. 10984 (LBS)**

ROBERT R. GARBER, Individually and on
behalf of all others similarly situated,

                    Plaintiff,

     -against-

MERRILL LYNCH & CO., INC., E.
STANLEY O'NEAL, AHMASS L.
FAKAHANY, GREGORY J. FLEMING, and
JEFFREY N. EDWARDS.

                    Defendants.

Civil Action No.  07 Civ. 11080 (LBS)

---

JAMES CONN, Individually and On Behalf
of All Others Similarly Situated,

                    Plaintiff,

     -against-

MERRILL LYNCH & CO., INC., E.
STANLEY O'NEAL, JEFFREY N.
EDWARDS, LAWRENCE A. TOSI,
ARMANDO M. CODINA, VIRGIS W.
COLBERT, ALBERTO CRIBIORE,
JOHN D. FINNEGAN, JUDITH MAYHEW
JONAS, AULANA L. PETERS, JOSEPH W.
PRUEHER, ANN N. REESE, and CHARLES
O. ROSSOTTI,

                    Defendants.

Civil Action No.  07 Civ. 11626 (LBS)

I, Fei-Lu Qian, hereby certify that on January 18, 2008, I electronically filed true and correct copies of the MEMORANDUM OF LAW IN FURTHER SUPPORT OF JAMES CONN'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF FOR THE FIRST REPUBLIC MERGER CLASS AND IN OPPOSITION TO OPPOSING MOTIONS FOR LEAD PLAINTIFF, and DECLARATION OF KENNETH N. KOTZ with the Clerk of the Court using the ECF system and thereby served those attorneys certified to use ECF and served the following non-ECF parties by U.S. mail, postage pre-paid:

Alfred G. Yates, Jr.
Law Office of Alfred G. Yates, Jr. PC
519 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219

/s Fei-Lu Qian
Fei-Lu Qian