UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LIFE ENRICHMENT FOUNDATION, individually
and on behalf of all others similarly situated,

Plaintiff,

    v.

MERRILL LYNCH & CO., INC., E. STANLEY
O'NEAL, AHMASS L. FAKAHANY, GREGORY
J. FLEMING, and JEFFREY N. EDWARDS,

Defendants.

**ELECTRONICALLY FILED**

CIVIL ACTION No. 07cv9633 (LBS)

---

MICHAEL J. SAVENA, individually and on behalf
of all others similarly situated,

Plaintiff,

    v.

MERRILL LYNCH & CO., INC., E. STANLEY
O'NEAL, AHMASS L. FAKAHANY, GREGORY
J. FLEMING, and JEFFREY N. EDWARDS,

Defendants.

CIVIL ACTION No. 07cv9837 (LBS)

---

[Additional Captions on Following Page]

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF
STATE TEACHERS' RETIREMENT SYSTEM OF OHIO FOR (I)
CONSOLIDATION; (II) APPOINTMENT AS LEAD PLAINTIFF; AND (III)
APPROVAL OF LEAD PLAINTIFF'S CHOICE OF CO-LEAD COUNSEL AND
IN OPPOSITION TO JAMES CONN'S MOTION FOR APPOINTMENT AS
LEAD PLAINTIFF FOR THE FIRST REPUBLIC MERGER CLASS AND
APPROVAL OF LEAD COUNSEL**

GARY KOSSEFF, individually and on behalf of all others similarly situated,

                           Plaintiff,

          v.

MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, AHMASS L. FAKAHANY, GREGORY J. FLEMING, and JEFFREY N. EDWARDS,

                           Defendants.

CIVIL ACTION No. 07cv10984 (LBS)

ROBERT R. GARBER, individually and on behalf of all others similarly situated,

                           Plaintiff,

          v.

MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, AHMASS L. FAKAHANY, GREGORY J. FLEMING, and JEFFREY N. EDWARDS,

                           Defendants.

CIVIL ACTION No. 07cv11080 (LBS)

JAMES CONN, individually and on behalf of all others similarly situated,

                    Plaintiff,

     v.

MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, JEFFREY N. EDWARDS, LAWRENCE A. TOSI, ARMANDO M. CODINA, VIRGIS W. COLBERT, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, and CHARLES O. ROSSOTTI,

                    Defendants.

CIVIL ACTION No. 07cv11626 (LBS)

# TABLE OF CONTENTS

**PAGE**

I.    INTRODUCTION .................................................................................................1

II.    ARGUMENT.......................................................................................................3

    1.    The Merrill Lynch Actions Should Be Consolidated Because They Involve
        Numerous Common Questions of Law and Fact.......................................................3

    2.    Conn's "Niche" Argument Should be Rejected ......................................................5

    3.    Ohio STRS Has Standing to Bring Securities Act Claims ......................................7

    4.    Conn Appears Subject to Unique Defenses Because He Was a Director of First
        Republic During the Merger with Merrill Lynch ...................................................8

III.    CONCLUSION .........................................................................................9

i

## TABLE OF AUTHORITIES

**<u>CASES</u>**                                                                                    **<u>PAGE</u>**

*Aronson v. McKesson HBOC, Inc.,*
   79 F. Supp. 2d 1146 (N.D. Cal. 1999)......................................................................4, 6

*Constance Sczesny Trust v. KPMG, LLP,*
   223 F.R.D. 319 (S.D.N.Y. 2004)................................................................................4

*Pappas v. Countrywide Financial Corp.,*
   No. 07-05295 (C.D. Cal. Nov. 28, 2007) ................................................................6

*Greenberg v. Bear Stearns & Co., Inc.,*
   80 F. Supp. 2d 65 (E.D.N.Y. 2000).........................................................................7

*Hevesi v. Citigroup Inc.,*
   366 F.3d 70 (2d Cir. 2004) ......................................................................................6

*In re Cendant Corp. Sec. Litig.,*
   404 F.3d 173 (3d Cir. 2005) ....................................................................................5

*In re Delphi Corp. Sec., Deriv. & "ERISA" Litig.,*
   458 F. Supp. 2d 455 (E.D. Mich. 2006) ..................................................................6

*In re Doral Fin. Corp. Sec. Litig.,*
   414 F. Supp. 2d 398 (S.D.N.Y. 2006) .....................................................................6

*In re Enron Corp. Sec. Litig.,*
   206 F.R.D. 427 (S.D. Tex. 2002) .........................................................................4, 7

*In re The Mills Corp. Sec. Litig.,*
   2006 U.S. Dist. LEXIS 50485 (E.D. Va. May 30, 2006) ................................................6

*In re Northwestern Corp. Sec. Litig.,*
   299 F. Supp. 2d 997 (D.S.D. 2003) ........................................................................6

*In re Surebeam Corp. Sec. Litig.,*
   2003 U.S. Dist. LEXIS 25022 (S.D. Cal. Dec. 31, 2003) .............................................5

*In re XM Satellite Radio Holdings Sec. Litig.,*
   237 F.R.D. 13 (D.D.C. 2006) ..................................................................................7

*Landry v. Price Waterhouse Chartered Accountants,*
   123 F.R.D. 474 (S.D.N.Y. 1989)............................................................................9

*O'Neil v. Appel,*
   165 F.R.D. 479 (W.D. Mich. 1996)........................................................................9

*Weinberg v. Atlas Air Worldwide Holdings, Inc.,*
   216 F.R.D. 248 (S.D.N.Y. 2003).............................................................................5

ii

**STATUTES**

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).................................................................................1, 8

**RULES**

Fed.R.Civ.P. 42(a) ..................................................................................................3

The State Teachers' Retirement System of Ohio ("Ohio STRS") submits this memorandum in further support of its motion for consolidation, appointment as lead plaintiff and approval of its choice of co-lead counsel, and in opposition to the motion for appointment of lead plaintiff and approval of lead counsel filed by James Conn ("Conn") (hereinafter "Conn Mot.").

## I.    INTRODUCTION

Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), where multiple proposed class members seek to be appointed lead plaintiff, the movant with the largest financial interest is entitled to presumptive appointment as lead plaintiff.  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Presently pending before this Court are two motions for appointment of lead plaintiff and approval of lead plaintiff's choice of lead counsel.  The movants are:  1) Ohio STRS; and 2) Conn.[1]  Their respective losses are represented in the chart below:

|     | Movant      | Claimed Losses |
| --- | ----------- | -------------- |
| 1.  | *Ohio STRS* | $25,568,159    |
| 2.  | *Conn*      | $349,543       |

As reflected above, Ohio STRS has the largest financial interest with estimated losses of over $25.5 million.  In addition, as set forth in greater detail in its opening brief, Ohio STRS is one of the largest public pension funds in the United States and is exactly the type of sophisticated institutional investor that Congress had in mind in enacting the

---

[1]    Frankfurt-Trust Investment-Gesellschaft mbH ("Frankfurt Trust") originally moved for consolidation, appointment of lead plaintiff and approval of selection of counsel.  However, on January 15, 2008, Frankfurt-Trust filed a notice of withdrawal of its motion. [Dkt. No. 20].

lead plaintiff provisions of the PSLRA. Accordingly, Ohio STRS is the presumptive lead plaintiff and, indeed, the only remaining movant seeking to represent the entire class.

Conn argues that the Court should not consolidate all of the above captioned related actions ("Related Actions"). He asserts, instead, that the Court should carve out a Merger Class[2] from the overall Class[3], confined to those who acquired Merrill Lynch securities in the Merrill Lynch-First Republic merger. He premises his argument on the fact that such First Republic shareholders have claims under the Securities Act of 1933 ("Securities Act"). This argument fails for several reasons:

First, all of the Related Actions, including the *Conn* action, present substantially the same factual issues - namely, whether the defendants issued materially false and misleading statements regarding Merrill Lynch's business and financial results.

Second, the weight of authority in this District and other jurisdictions throughout the country rejects the precise argument Conn makes here - namely, that the Court should appoint multiple lead plaintiffs (often referred to as "niche" plaintiffs) to represent purportedly different causes of action.

Third, as its PSLRA Certification and accompanying trading data reflect, Ohio STRS also acquired Merrill Lynch securities in the Merrill Lynch-First Republic merger.

---

[2]     The Merger Class is defined by Conn as: "All persons and entities who acquired Merrill Lynch & Co., Inc. ("Merrill Lynch") securities as a result of the exchange of First Republic Bank ("First Republic") securities pursuant to the Registration Statement and Proxy/Prospectus, and who were damaged thereby." *See* Conn Mot. at p. 1. As stated in further detail in Conn's motion, during the proposed class period, Merrill Lynch and First Republic entered into a merger which became effective on September 21, 2007. *Id.* at p. 2-3. Conn served on the board of directors of First Republic. *See* discussion *infra* Section II.4.

[3]     The overall Class includes those who purchased or acquired Merrill Lynch securities during the period October 17, 2006 through November 7, 2007. *See* Ohio STRS' Memorandum of Law in Support of Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Choice of Co-Lead Counsel (hereinafter "Ohio STRS' Opening Brief") at p. 1. [Dkt No. 12].

2

Accordingly, Ohio STRS has standing to bring Securities Act claims, thus rendering

unnecessary the appointment of two separate lead plaintiffs.

Fourth, because Conn served on the board of directors of First Republic and thus

may have obtained additional confidential information concerning Merrill Lynch during

the merger negotiations, he may be subject to unique defenses as to his adequacy and

typicality. These defenses render Conn an inadequate representative and, at a very

minimum, may sidetrack the litigation.

## II.     ARGUMENT

1. The Merrill Lynch Actions Should Be Consolidated Because They Involve
   Numerous Common Questions of Law and Fact

Conn argues that the Merger Class requires separate representation, and therefore

his case should not be consolidated with the other Related Actions. *See* Conn Mot. at p.

6-9. Conn further argues that the Merger Class requires separate representation because

it consists of a group of only those who acquired Merrill Lynch securities in the Merrill

Lynch-First Republic merger. Although Conn has only asserted claims under the

Securities Act for the Merger Class, those who tendered their First Republic shares, like

all other members of the class, also have claims under the Securities Exchange Act of

1934 ("Exchange Act"). Moreover, all such claims arise out of alleged misstatements

and material omissions concerning Merrill Lynch's financial position and results.

Where, as here, all of the cases involve common questions of law and fact,

consolidation is appropriate. *See* Fed.R.Civ.P. 42(a). In each of the Related Actions,

including *Conn,* plaintiffs allege that defendants failed to disclose and misrepresented

material facts in violation of the federal securities laws, including in particular, Merrill

Lynch's exposure to subprime mortgages and derivative securities based on subprime

3

mortgages. Accordingly, plaintiffs in each of these actions share a common interest in having the Court resolve questions concerning whether defendants made material misstatements and omissions, as well as whether the price of Merrill Lynch securities was artificially inflated as a result of those misstatements and omissions.[4]

Conn argues that because the Securities Act claims involve different pleading standards, class periods and concern only the misrepresentations and omissions in the Registration Statement and Proxy/Prospectus, his case should not be consolidated with the other four related cases. However, this argument ignores the substantial factual and legal overlap between these cases and the efficiencies consolidation would bring. Further, many courts have rejected similar arguments against consolidation. *See Constance Sczesny Trust v. KPMG, LLP,* 223 F.R.D. 319, 325 (S.D.N.Y. 2004) (consolidating actions involving purchasers of company's common stock with purchasers of options in the company's stock; stating that the interests of these two groups of investors were not "sufficiently differentiated to require the appointment of a niche lead plaintiff at this time") (internal quotations and citations omitted); *In re Enron Corp. Sec. Litig.,* 206 F.R.D. 427, 451 (S.D. Tex. 2002) (consolidating claims of preferred stock and common stock purchasers where they "arise out of a common core of facts, legal issues, deal with overlapping or intertwined Defendants, named or implied, and they attack a [sic] various aspects of an alleged scheme and course of conduct"); *Aronson v. McKesson HBOC, Inc.,* 79 F. Supp. 2d 1146, 1150-51 (N.D. Cal. 1999) (consolidating Securities

---

[4]       Indeed, on January 9, 2008, the clerk of the court made an entry on the docket of *Conn v. Merrill Lynch* that the case was "accepted as related" to the first filed of these Related Actions. Furthermore, the first filed notice alerting shareholders to this action stated that a complaint had been brought on behalf of those who "purchased or otherwise acquired the common stock" of Merrill Lynch. *See* Exhibit C to Robert N. Kaplan Declaration dated January 2, 2008 filed contemporaneously with Ohio STRS' Opening Brief ("Kaplan. Decl. 1/2/08, Ex. __"). [Dkt No. 13].

4

Act and Exchange Act claims). *See generally In re Cendant Corp. Sec. Litig.,* 404 F.3d

173, 202 (3d Cir. 2005) ("[T]he PSLRA provides additional reasons to use

subclassification sparingly.").

    2. <u>Conn's "Niche" Argument Should be Rejected</u>

        Conn's argument that this Court should appoint a "niche" plaintiff to represent the

Merger Class is strikingly similar to those rejected by the vast majority of courts. That

argument should likewise be rejected here. Appointing more than one lead plaintiff to

represent different causes of action or different securities has been held to be both

contrary to the intention of the PSLRA and unnecessary, particularly at this early juncture

in the litigation.

        Conn's principal argument is that Securities Act claims are "substantially

different" from Exchange Act claims because such claims require proof of scienter,

reliance or causation, and therefore separate lead plaintiffs must be appointed to represent

these different causes of action. *See* Conn Mot. at p. 5-7. However, the substantial

weight of authority in this and other jurisdictions rejects the notion that separate lead

plaintiffs should be appointed under these circumstances. *See e.g., In re Surebeam Corp.*

*Sec. Litig.,* 2003 U.S. Dist. LEXIS 25022 at *29-31 (S.D. Cal. Dec. 31, 2003) (rejecting

the appointment of niche plaintiff to represent Section 11 claims); *Weinberg v. Atlas Air*

*Worldwide Holdings, Inc.,* 216 F.R.D. 248, 253-54 (S.D.N.Y. 2003) (declining to appoint

co-lead plaintiff with Securities Act standing because "[i]t is well established that the

Lead Plaintiff's claims do not have to be identical to the other class members' claims and

in fact, the idea that there should [be] multiple Lead Plaintiffs with standing to sue on all

possible causes of action has been rejected by the Southern District.") (citations omitted);

*Aronson,* 79 F. Supp. 2d at 1150-51 (rejecting niche plaintiffs' argument of prejudice where those plaintiffs claimed that their theories of recovery involved different showings of scienter and proof; stating that where, as here, "all claims are based on the same financial disclosures, the existence of different pleading standards does not create the need for a separate lead plaintiff."); *see also Hevesi v. Citigroup Inc.,* 366 F.3d 70, 83 n.13 (2d Cir. 2004) (noting that "any requirement that a different lead plaintiff be appointed to bring every single available claim would contravene the main purpose of having a lead plaintiff namely, to empower one or several investors with a major stake in the litigation to exercise control over the litigation as a whole.") (citations omitted).[5]

In fact, just recently in *Pappas v. Countrywide Financial Corp.,* No. 07-05295 (C.D. Cal. Nov. 28, 2007), the court rejected the appointment of multiple lead plaintiffs to represent claims under the Securities Act and the Exchange Act. *See* Exhibit A of accompanying Declaration of Robert N. Kaplan, dated January 18, 2008 ("Kaplan Decl. 1/18/08, Ex. ___"). In so holding, the court stated that: "[t]he different pleading standards and evidentiary burdens in a 1933 Act claim are not so difficult to manage that multiple lead plaintiffs of distinct classes are necessary at this stage." Slip. Op. at p. 11. This is precisely the case here as well.

Carving out a Merger Class from the larger class of investors in Merrill Lynch securities is also contrary to the intent of the PSLRA, as many cases have recognized in

---

[5]    Courts have also rejected the appointment of "niche" plaintiffs to represent different securities. *See, e.g., In re Delphi Corp. Sec., Deriv. & "ERISA" Litig.,* 458 F. Supp. 2d 455, 462 (E.D. Mich. 2006) (refusing to carve out a subclass of preferred securities from common stock "where the claims of both the common stock and preferred securities purchasers are all predicated upon the same allegedly false and fraudulent representations and actions of [the corporation] and its officers and directors"); *In re The Mills Corp. Sec. Litig.,* 2006 U.S. Dist. LEXIS 50485, at *12-13 (E.D. Va. May 30, 2006) (rejecting appointment of co-lead plaintiff to represent preferred stockholders); *In re Doral Fin. Corp. Sec. Litig.,* 414 F. Supp. 2d 398, 401 (S.D.N.Y. 2006) (declining to appoint separate niche plaintiff to represent subclass of investors who purchased preferred stock); *In re Northwestern Corp. Sec. Litig.,* 299 F. Supp. 2d 997, 1007 (D.S.D. 2003) (declining to appoint a separate lead plaintiff on behalf of preferred securities purchasers).

analogous circumstances. *See, e.g., In re XM Satellite Radio Holdings Sec. Litig.,* 237 F.R.D. 13, 20-21 (D.D.C. 2006) (declining to adopt a lead plaintiff on behalf of a subclass of options purchasers; stating where the option movant's "financial loss is so dwarfed by that of the stockholders, the creation of a sub-class and the potential for fragmenting the litigation strategy is not warranted"); *In re Enron Corp. Sec. Litig.,* 206 F.R.D. at 451 (rejecting the appointment of separate lead plaintiffs for different subclasses; stating the "requests for splintering the action or appointing multiple Lead Plaintiffs to represent specialized interests, especially in light of the common facts and legal issues here, would undermine the purpose of the PSLRA); *Greenberg v. Bear Stearns & Co.,* 80 F. Supp. 2d 65, 69-70 (E.D.N.Y. 2000) (finding that subdividing the class into various subclasses was contrary to the language and stated purposes of the PSLRA, including to "minimize costs").

This court should follow the weight of authority in this jurisdiction and others by rejecting Conn's "niche" plaintiff argument, and appoint Ohio STRS to serve as sole lead plaintiff.

3.   Ohio STRS Has Standing to Bring Securities Act Claims

A further reason the Court should reject the appointment of any separate lead plaintiff for former First Republic shareholders is that Ohio STRS has standing to bring all such claims, including claims under the Securities Act. As stated in the certification attached to its motion for lead plaintiff, Ohio STRS acquired 788 shares of Merrill Lynch securities in the Merrill Lynch-First Republic merger on September 24, 2007 pursuant to the Registration Statement and Proxy/Prospectus. *See* Kaplan Decl. 1/2/08, Ex. A at p. 3

of Schedule A. Thus, Ohio STRS has standing to represent both the Securities Act

claims as well as the Exchange Act claims.

4. <u>Conn Appears Subject to Unique Defenses Because He Was a Director of First Republic During the Merger with Merrill Lynch</u>

Even if the Court is inclined to appoint a separate lead plaintiff for the First

Republic shareholders who acquired Merrill Lynch securities in the merger, that lead

plaintiff must satisfy the adequacy and typicality requirements of Rule 23 of the Federal

Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Conn appears to be

unable to satisfy these requirements because he was a director of First Republic during

the merger.[6] Moreover, pursuant to Conn's PSLRA certificate, Conn exchanged 30,871

shares of First Republic common stock for 22,634 shares of Merrill Lynch stock, and

exchanged an additional 5,150 shares of First Republic *restricted* common stock for cash

and 1,068 shares of Merrill Lynch stock. *See* Certificate of Conn in Support of Class

Action Complaint at ¶6. In addition, Conn was on First Republic's board of directors

prior to the Merrill Lynch-First Republic merger since he is listed as a member of the

board of directors of First Republic in its 2006 annual report. *See* Kaplan Decl. 1/18/08,

Ex. C at p. 68 (attaching relevant excerpt). Under these circumstances, Conn appears to

be unique, atypical and subject to multiple defenses not shared by other former First

Republic shareholders who tendered their securities for Merrill Lynch securities in that

merger.

By virtue of his position at First Republic, Conn appears to be atypical because he

may be subject to the unique defense that he had or has access to private confidential

---

[6]      The Prospectus filed with the SEC on Form S-4 on May 8, 2007 in connection with the Merrill Lynch-First Republic merger lists Conn as a director who exercised First Republic options. *See* Kaplan Decl. 1/18/08, Ex. B at p. 51 (attaching relevant excerpt).

corporate information concerning Merrill Lynch. *See O'Neil v. Appel,* 165 F.R.D. 479, 492-93 (W.D.Mich. 1996) (finding that a paid consultant of a company was not typical due to private access to corporate officers); *Landry v. Price Waterhouse Chartered Accountants,* 123 F.R.D. 474, 476 (S.D.N.Y. 1989) (finding that a proposed lead plaintiff who had access to inside information would be subject to unique defenses and therefore was atypical).

Indeed, as a member of the First Republic Board of Directors, Conn had both an opportunity to receive additional information regarding Merrill Lynch beyond what was publicly available, and a fiduciary duty to other First Republic shareholders to take advantage of that opportunity before approving the proposed transaction. The actions Conn could have taken, or actually took, to investigate the value of Merrill Lynch common stock will raise unique factual and legal issues and, thus, potential unique defenses, rendering Conn an inappropriate class representative. Ohio STRS, which has standing to represent the First Republic investors, faces no such unique defenses. Under these circumstances, Conn does not satisfy the adequacy and typicality requirements of Rule 23. Accordingly, Conn should not be appointed as lead or co-lead plaintiff for this reason as well.

## III.    CONCLUSION

For the above reasons and for those set forth in Ohio STRS' Opening Brief, Ohio STRS respectfully requests that the Court: (1) consolidate all of the Related Actions, including the *Conn* action; (2) appoint Ohio STRS as the lead plaintiff in the Related Actions; and (3) approve Ohio STRS' choice of co-lead counsel.

9

DATED: January 18, 2008

Respectfully submitted,

**KAPLAN FOX & KILSHEIMER LLP**


By: _____ /s/ Robert N. Kaplan _____

Robert N. Kaplan
Frederic S. Fox
Joel B. Strauss
Donald R. Hall
Jeffrey P. Campisi
Aviah Cohen Pierson
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714


**BERGER & MONTAGUE, P.C.**
Merrill G. Davidoff
Lawrence J. Lederer
Arthur Stock
Lane Vines
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604

**SCHIFFRIN BARROWAY TOPAZ &
KESSLER, LLP**
Richard S. Schiffrin
David Kessler
Sean M. Handler
Darren J. Check
Katherine M. Ryan
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056


Proposed Co-Lead Counsel for Lead
Plaintiff Movant the State Teachers'
Retirement System of Ohio

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 18, 2008, I caused to be electronically filed the foregoing paper with the Clerk of the Court using the ECF System which will electronically send notification of such filing to the registered participants and paper copies will be sent via first-class mail postage pre-paid to those indicated as non-registered participants as of January 18, 2008.

/s/    Aviah Cohen Pierson
Aviah Cohen Pierson

January 18, 2008