UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

JAMES CONN, Individually and On Behalf
of All Others Similarly Situated,

                     Plaintiff,

   -against-

MERRILL LYNCH & CO., INC., E.
STANLEY O'NEAL, JEFFREY N.
EDWARDS, LAWRENCE A. TOSI,
ARMANDO M. CODINA, VIRGIS W.
COLBERT, ALBERTO CRIBIORE,
JOHN D. FINNEGAN, JUDITH MAYHEW
JONAS, AULANA L. PETERS, JOSEPH W.
PRUEHER, ANN N. REESE, and CHARLES
O. ROSSOTTI,

                     Defendants.

Civil Action No.  07 Civ. 11626 (LBS)

---

**REPLY MEMORANDUM OF LAW IN SUPPORT OF JAMES CONN'S MOTION
FOR APPOINTMENT AS LEAD PLAINTIFF FOR THE FIRST REPUBLIC MERGER
CLASS AND IN OPPOSITION TO OPPOSING MOTIONS FOR LEAD PLAINTIFF**

| | |
|---|---|
| Stanley M. Grossman | Joseph W. Cotchett |
| Marc I. Gross | Mark C. Molumphy |
| Patrick V. Dahlstrom | Nancy L. Fineman |
| Joshua B. Silverman | Stuart G. Gross |
| **POMERANTZ HAUDEK BLOCK** | **COTCHETT, PITRE & McCARTHY** |
|   **GROSSMAN & GROSS LLP** | San Francisco Airport Office Center |
| 100 Park Avenue | 840 Malcolm Road, Suite 200 |
| New York, New York 10017 | Burlingame, California  94010 |
| Telephone:    (212) 661-1100 | Telephone:    (650) 697-6000 |
| Facsimile:    (212) 661-8665 | Facsimile:    (650) 697-0577 |

**Attorneys for Plaintiff James Conn**

Plaintiff James Conn ("Conn") submits this reply memorandum of law in further support his motion to be appointed as Lead Plaintiff for the Class of shareholders of First Republic Bank ("First Republic") who exchanged their First Republic shares for shares of Merrill Lynch & Co., Inc. ("Merrill Lynch") pursuant to a Merger of the two companies which became effective on September 24, 2007 (the "Merger Class"). As stated in Conn's moving papers, the Merger Class pursues claims only under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

## ARGUMENT

### JAMES CONN SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE MERGER CLASS

**1. Conn Has The Largest Financial Interest In the Securities Act Claims And Is The Most Adequate Representative Of The Merger Class**

There is no dispute that Conn's Section 11 losses of $349,487 and Section 12 losses of $373,185 constitute "the largest financial interest in the relief sought" by anyone who received shares in the acquisition of First Republic by Merrill Lynch.[1] Indeed, under the methodology accepted by district courts in assessing financial interest, Last-In-First-Out ("LIFO"),[2] the State Teachers' Retirement System of Ohio ("Ohio STRS") sold its 788 Merrill shares received in the Merger prior to any disclosure that the Registration Statement or Proxy/Prospectus contained

---

[1] *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb).

[2] *See Hunt v. Enzo Biochem, Inc.*, 2008 U.S. Dist. LEXIS 1472, at *21 (Jan. 8, 2008) (quoting *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 101 (S.D.N.Y. 2005) (holding that courts have "'generally rejected FIFO as an appropriate means of calculating losses n securities fraud cases'") *See also In re Comverse Technology, Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007); *Hill v. The Tribune Company*, 2005 U.S. Dist. LEXIS 2391, at *10 (N.D. Ill. Oct. 13, 2005) (finding the "current majority view, . . . , is apparently that securities fraud losses should be calculated using LIFO").

material misrepresentations or omissions.[3]  Moreover, Ohio STRS did not proffer any loss related to the shares received in the Merger in either its opening papers seeking appointment as lead plaintiff nor in its responsive memorandum of law in "further support" thereof.[4]

There also is no dispute that at the start of its class period,[5] Ohio STRS held 2,142,400 shares of Merrill Lynch common stock worth in excess of $182 million and purchased an additional 1,159,488 shares on the open market at a cost of over $90.5 million, for what it claims are losses in excess of $25.5 million under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act").  *See* Ohio STRS Mem., at 1, 8.

Clearly, Ohio STRS's financial interest is in prosecuting its Section 10(b) claims and not the Merger Class's Section 11 and 12 claims.  Accordingly, Conn is the most adequate plaintiff to represent the Merger Class and should be appointed its Lead Plaintiff.  *See* 15 U.S.C. § 77 z-1(a)(3)(B)(iii)(I).

---

[3] *See Life Enrichment Foundation v. Merrill Lynch & Co., Inc.*, Civil Action No. 07 Civ. 9633, Declaration of Ken Kotz, Exhibit 4 (S.D.N.Y. Jan. 18, 2008) (Docket Entry #22, Attachment #1).

[4] Acquiring shares pursuant to the Registration Statement and Proxy/Prospectus is not enough; a plaintiff also must establish that it suffered a loss.  *See Alpern v. UtiliCorp United*, 84 F.3d 1525, 1541 (8th Cir. 1996)("A claim under §11 does not require proof of reliance, causation, or scienter, but only materiality and damages.").

[5] Although the first filed complaint alleged a class period of February 26, 2007 through October 23, 2007, Ohio STRS has adopted "the longest publicly-noticed period" for its motion, *i.e.* October 17, 2006 through November 7, 2007. *See* Memorandum of Law in Support of the Motion of the State Teachers' Retirement System of Ohio for (1) Consolidation; (2) Appointment as Lead Plaintiff; and (3) Approval of Lead Plaintiff's Choice of Co-Lead Counsel ("Ohio STRS Mem."), at 3, n.3.

**2.      The Merger Class Is Not A Niche Of The Open Market Purchasers**

Rule 23 requires district courts to "define the class and the class claims, issues or defenses." Fed. R. Civ. P. 23(c)(1)(B). Here, there are two distinct classes whose definitions are grounded in the separate claims, issues and defenses of Sections 11 and 12 of the Securities Act and Section 10(b) of the Exchange Act.[6] The *Conn* Complaint defined the Merger Class as:

> All persons and entities who acquired Merrill Lynch & Co., Inc.
> ("Merrill Lynch") securities as a result of the exchange of First
> Republic Bank ("First Republic") securities pursuant to the
> Registration Statement and Proxy/Prospectus, and who were
> damaged thereby (the "Merger Class").

*See Conn v. Merrill Lynch & Co., Inc.*, Civil Action No. 07 Civ. 11626 (LBS), Complaint at ¶ 6 (S.D.N.Y) (the "*Conn* Complaint").[7] Ohio STRS seeks to represent a class defined as:

> those who purchased or otherwise acquired Merrill Lynch
> securities during the Class Period.[8]

*See* Ohio STRS Mem. at 2, 10.

Unlike the *Conn* Complaint, nowhere in Ohio STRS's moving papers or its Response does Ohio STRS allege that the Registration Statement or Proxy/Prospectus actually contained materially false or misleading misrepresentations or omissions. Although it states that there is "substantial factual and legal overlap," *see* Ohio STRS Response, at 4, it does not specify what

---

[6] *See* Memorandum of Law in Further Support of James Conn's Motion for Appointment as Lead Plaintiff for the First Republic Merger Class and in Opposition to Opposing Motions for Lead Plaintiff ("Conn Response"), at 8-12.

[7] *See also* Memorandum of Law in Support of James Conn's Motion for Appointment as Lead Plaintiff for the First Republic Merger Class and Approval of Lead Counsel ("Conn Mem."), at 1.

[8] Ohio STRS has adopted "the longest publicly-noticed period" of October 17, 2006 through November 7, 2007. Ohio STRS Mem. at 3, n.3.

-3-

that factual or legal overlap purportedly is. Further, Ohio STRS is not correct when it states that "plaintiffs in [the *Conn* and open market purchaser] complaints share a common interest in have the court resolve questions concerning whether defendants made material misstatements and omissions, as well as whether the price of Merrill Lynch securities was artificially inflated as a result of those misstatements and omissions." *Id.* The Merger Class is interested only in material misstatements or omissions in the Registration Statement or Proxy/Prospectus. The Merger Class is not interested in:

- material misstatements and omissions from October 17, 2006 through November 7, 2007, *i.e.*, during the full class period;

- whether misstatements and omissions were "made" with the requisite *scienter* as required under Section 10(b); or

- whether misstatements and omissions caused the price of Merrill Lynch securities to be artificially inflated.

Those interests are of no moment to the Merger Class. Indeed, *scienter* and transaction and loss causation quite simply are not elements of the Merger Class's claims under Sections 11 and 12 of the Securities Act, and nowhere alleged in the *Conn* Complaint.

The fact is, the elements of the claims and the issues raised by the Merger Class's claims are not substantially similar to the open market purchasers, and calling the claims of the Merger Class a "niche" of the open market purchasers is as specious as saying that the Securities Act is a "niche" of the Exchange Act. The two acts are fundamentally different, with fundamentally different targets of securities regulation, which require, as other courts have recognized, the appointment of separate lead plaintiffs for Securities Act and Exchange Act classes. As Judge Coar in the Northern District of Illinois explained:

> The pleading requirement for Sections 10(b) and 20(a) of

-4-

> the Securities Exchange Act of 1934 are exceedingly different than for Sections 11, 12(a)(2) and 15 of the Securities Act of 1933. For example, in Sections 11 and 12(a)(2) of the Securities Act of 1933, it is sufficient for plaintiffs to prove false or misleading statements in the prospectus or registration statement in order to establish liability. 15 U.S.C. §§ 77k, 77l. However, for Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, it is also necessary for plaintiffs to prove defendants' scienter. 15 U.S.C. §§ 78j(b), 78t(a).
>
> Also, many of the facts used by the two classes would be different. For example, while the Paskowitz plaintiffs will rely upon the registration statement and the prospectus, the Harbour Court plaintiffs will also use the Written Consent solicitation and the Consent letter. (Harbour Court Complaint, PP 37-41). Therefore, defenses against these claims may be different and thus would jeopardize the typicality of the class. "The presence of even an arguable defense peculiar to the named plaintiff class or a small subset of the plaintiff class may destroy the required typicality of the class . . ." *Shields v. Local 705, International Brotherhood of Teamsters*, 1996 U.S. Dist. LEXIS 15772, 1996 WL 616548,[*18] *4 (N.D.Ill. 1996) (quoting *J. H. Cohn & Co. v. American Appraisal Associates, Inc*., 628 F.2d 994, 999 (7th Cir. 1980).

*In re Nanophase Technologies Corp. Litig.*, 1999 U.S. Dist. LEXIS 16171, at * 18-*19 (N.D. Ill. Sept. 27, 1999). Another court, faced with similar concerns regarding appointment for Section 10 and Section 11 classes, cited Judge Brient's "leading case supporting appointment of co-lead plaintiffs" in *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42 (S.D.N.Y. 1998), found that "appointment of co-lead plaintiffs will better represent the class members' varying and perhaps conflicting interests." *In re Peregrine Sys. Sec. Litig.*, 2002 U.S. Dist. LEXIS 27690, at * 49-*50 (S.D. Cal. Oct. 11, 2002), *citing In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. at 47.

Although Ohio STRS has cited cases in support of a single lead plaintiff for both Section 10(b) and Section 11 and 12 claims, none of those cases addresses the holding in *Rombach  v.*

*Chang*, 355 F.3d 164 (2d Cir. 2004), which states that the PSLRA's heightened pleading standards apply to Section 11 and 12 claims when the underlying pleading sounds in fraud. *Id.*, at 171. Indeed, there is no indication in the cases cited by Ohio STRS that the courts were presented with developed arguments concerning the substantial differences between the claims of the classes, or Rule 23's requirement that court's "define the class and the class claims, issues, or defenses." The common ground cited by courts for appointing a lead plaintiff in each case cited by Ohio STRS was Congressional intent to "minimize costs"or "give control of the litigation to lead plaintiffs with substantial holdings in the securities of the issuer." *See, e.g., Greenberg v. Bear Stearns & Co, Inc.*, 80 F. Supp. 2d 65, 70 (E.D.N.Y.).

  Congressional intent, however, cannot be relied upon to subvert the clear language of the law. The PSLRA states that the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 77z-1(a)(3)(B)(i). The PSLRA does not direct courts to appoint a lead plaintiff on behalf of multiple classes, but rather on behalf of the "purported plaintiff class." Here, the separate causes of action, claims, questions of fact and law, issues and defenses require a separately defined Merger Class under Rule 23(1)(B). The terms of the PSLRA itself, therefore, mandate that a lead plaintiff should be appointed for the class defined in the *Conn* Complaint as the Merger Class.

  Appointing a separate lead plaintiff for the Merger Class is not antithetical to Congress's goal of "minimizing costs." Indeed, the PSLRA own terms support appointing multiple lead plaintiffs: "the most adequate plaintiff in any private action arising under this title is the person or <u>group of persons</u> . . . ." *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). Moreover, it furthers

Congress's other goal of "giving control of litigation to lead plaintiffs with substantial holdings," as is it is beyond question that Conn has the largest financial interest in the relief sought by the Merger Class than does Ohio STRS.

### 3.      Conn Otherwise Satisfies The Requirements Of Rule 23

Contrary to Ohio STRS's representation, Conn is not subject to any unique defense based on his having been a member of First Republic's Board of Directors.  As with its other arguments, Ohio STRS strings *non sequiturs* together with a conclusion that is neither logical nor rhetorically consistent.  That Conn exchanged 5,150 restricted shares out of his total exchange of 25,784 First Republic shares is not evidence of atypicality, nor subjects him to any unique defense, and Ohio STRS does not cite to any authority to the contrary.  Indeed, it does not even explain how an exchange of restricted shares could be atypical.  It is not enough to say that other members of the Merger Class exchange unrestricted shares, as the case law is clear that "typical" does not mean "identical." *Trief v. Dun & Bradstreet Corp.*, 144 F.R.D. 193, 190 (S.D.N.Y. 1992).

Conn shares substantially similar questions of law and fact with the members of the Merger Class.  Furthermore, unlike Ohio STRS, Conn's "claims are based on the same legal theory" as the other Merger Class members.  *See In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 295, 291 (2d Cir. 1992).  Conn, and all members of the Merger Class, allege that defendants violated the Securities Act by disseminating a Registration Statement and Proxy/Prospectus which contained material misrepresentations and/or omissions.  Conn, as did all members of the Class, exchanged shares of First Republic common stock for Merrill common stock as part of the Merger. These shared claims satisfy the requirement that the claims of the

representative parties be typical of the claims of the class.

The cases cited by Ohio STRS do not hold otherwise. In neither case was the proposed lead plaintiff an independent director, like Conn, and, moreover, in each case the proposed class representatives were shown to have access to specific information that was not public.[9] Here, Ohio STRS has not offered a scintilla of <u>evidence</u> that Conn had access to information that was not public. Nor does it even describe what information Conn allegedly had access to. Conn, like all other First Republic shareholders, was unaware of the misstatements and omissions contained in the Registration Statement and Proxy/Prospectus at the time of the Merger, and thus his claims are typical of other Merger Class members, and he is not subject to any unique defenses.

### 4.     **The Conn Complaint Should Not Be Consolidated For All Purposes**

Ohio STRS has not met its burden of showing that the prejudice to the Merger Class in consolidating the *Conn* Complaint with the open market purchasers for all purposes is outweighed by efficiency concerns. *See In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 374 (2d Cir. 1993). Conn does not contend that the Court should not coordinate the actions by

---

[9] In *O'Neil v. Appel*, 165 F.R.D. 479 (W.D.Mich. 1996), a plaintiff was denied representative status on the because he had "reviewed corporate documents, including a 'business segment planning' document, which addressed the company's strengths, weaknesses, markets, and performance" just prior to his first purchase, where the class's claims were based upon allegedly false information disseminated over a period of months concerning the company's "capital structure, and the value of certain of its assets." In *Landry v. Price Waterhouse Chartered Accounts*, 123 F.R.D. 474 (S.D.N.Y. 1989), of 5 proposed class representatives, three purchased their shares after discussions with insiders, one proposed lead plaintiff was withdrawn as unfit, and the fifth was found subject to a unique defense after testifying that he had relied on the annual report that was mailed to shareholders a week after the date he stated he had relied upon it. Unlike either *O'Neil* or *Landry*, conspicuously absent here are any claims of access to specific documents or information, which would support a unique defense.

consolidating for certain pre-trial purposes, such as docket management and discovery; however, basic fairness and justice will be sacrificed and the Merger Class prejudiced in pursuit of its redress if the *Conn* Complaint and the open market purchasers' complaints are consolidated, or the cases are consolidated for all purposes.

### 5.   **Conn's Selection Of Counsel Should Be Approved**

Ohio STRS has not challenged the adequacy of Conn's counsel to act as Lead Counsel on behalf of the Merger Class, and the documents filed in support of Conn's counsel demonstrate that they will adequately protect the interests of the Merger Class.  Accordingly, as there is no reason to interfere with Conn's selection of counsel, the Court should approve the appointment of Pomerantz Haudek Block Grossman & Gross  LLP and Cotchett, Pitre and McCarthy as Co-Lead Counsel for the Merger Class.

### **CONCLUSION**

For the reasons stated herein and in his earlier memorandum of law, it is respectfully requested that the Court issue an Order appointing James Conn as Lead Plaintiff of the Merger Class; approving Pomerantz Haudek Block Grossman & Gross  LLP and Cotchett, Pitre and McCarthy as Co-Lead Counsel; and granting such other relief  as the Court may deem to be just and proper.

Dated: January 31, 2008

Respectfully submitted,

/s *Stanley M. Grossman*

**POMERANTZ HAUDEK BLOCK
 GROSSMAN & GROSS LLP**
Stanley M. Grossman
Marc I. Gross
Patrick V. Dahlstrom
Joshua B. Silverman
100 Park Avenue
New York, New York 10017
Telephone:    (212) 661-1100
Facsimile:     (212) 661-8665


**COTCHETT, PITRE & McCARTHY**
Joseph W. Cotchett
Mark C. Molumphy
Nancy L. Fineman
Stuart G. Gross
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California  94010
Telephone:    (650) 697-6000
Facsimile:     (650) 697-0577

**Attorneys for James Conn**

POMERANTZ HAUDEK BLOCK
  GROSSMAN & GROSS LLP
Stanley M. Grossman
Patrick V. Dahlstrom
Joshua B. Silverman
100 Park Avenue
New York, New York 10017
Telephone:     (212) 661-1100
Facsimile:      (212) 661-8665

COTCHETT, PITRE & McCARTHY
Joseph W. Cotchett
Mark C. Molumphy
Nancy L. Fineman
Stuart G. Gross
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone:     (650) 697-6000
Facsimile:      (650) 697-0577

**Attorneys for James Conn**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIFE ENRICHMENT FOUNDATION, individually and on behalf of all others similarly situated,<br><br>**Plaintiff,**<br><br>-against-<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, AHMASS L. FAKAHANY, GREGORY J. FLEMING, and JEFFREY N. EDWARDS.<br><br>**Defendants.** | Civil Action No. 07 Civ. 09633 (LBS) |

[Additional captions on succeeding pages.]

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| MICHAEL J. SAVENA, Individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>   -against-<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, AHMASS L. FAKAHANY, GREGORY J. FLEMING, and JEFFREY N. EDWARDS.<br><br>                  Defendants. | Civil Action No. 07 Civ. 09837 (LBS) |
| GARY KOSSEFF, Individually and On Behalf of All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>   -against-<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, AHMASS L. FAKAHANY, GREGORY J. FLEMING, and JEFFREY N. EDWARDS.<br><br>                  Defendants. | Civil Action No. 07 Civ. 10984 (LBS) |

| | |
|---|---|
| ROBERT R. GARBER, Individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>-against-<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, AHMASS L. FAKAHANY, GREGORY J. FLEMING, and JEFFREY N. EDWARDS.<br><br>                Defendants. | Civil Action No. 07 Civ. 11080 (LBS) |
| JAMES CONN, Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>-against-<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, JEFFREY N. EDWARDS, LAWRENCE A. TOSI, ARMANDO M. CODINA, VIRGIS W. COLBERT, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, and CHARLES O. ROSSOTTI,<br><br>                Defendants. | Civil Action No. 07 Civ. 11626 (LBS) |

I hereby certify that on January 31, 2008, I filed true and correct copies of the foregoing document with the Clerk of Court via the CM/ECF system, which will send notification to counsel registered for CM/ECF. I have also mailed copies of the foregoing documents to be served via U.S. mail to the non-ECF participants listed below:

Alfred G. Yates, Jr.
Law Office of Alfred G. Yates, Jr. PC
519 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219

/s Fei-Lu Qian
Fei-Lu Qian

**POMERANTZ HAUDEK BLOCK GROSSMAN & GROSS LLP**
100 Park Avenue
New York, New York 10017
Telephone:   (212) 661-1100
Facsimile:    (212) 661-8665