UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIFE ENRICHMENT FOUNDATION, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, AHMASS L. FAKAHANY, GREGORY J. FLEMING, and JEFFREY N. EDWARDS,<br><br>Defendants. | **ELECTRONICALLY FILED**<br><br>CIVIL ACTION No. 07cv9633 (LBS) |
| MICHAEL J. SAVENA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, AHMASS L. FAKAHANY, GREGORY J. FLEMING, and JEFFREY N. EDWARDS,<br><br>Defendants. | CIVIL ACTION No. 07cv9837 (LBS) |

[Additional Captions on Following Page]

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF STATE TEACHERS' RETIREMENT SYSTEM OF OHIO FOR (I) CONSOLIDATION; (II) APPOINTMENT AS LEAD PLAINTIFF; AND (III) APPROVAL OF LEAD PLAINTIFF'S CHOICE OF CO-LEAD COUNSEL**

GARY KOSSEFF, individually and on behalf of all others similarly situated,

              Plaintiff,

      v.

MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, AHMASS L. FAKAHANY, GREGORY J. FLEMING, and JEFFREY N. EDWARDS,

              Defendants.

CIVIL ACTION No. 07cv10984 (LBS)

ROBERT R. GARBER, individually and on behalf of all others similarly situated,

              Plaintiff,

      v.

MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, AHMASS L. FAKAHANY, GREGORY J. FLEMING, and JEFFREY N. EDWARDS,

              Defendants.

CIVIL ACTION No. 07cv11080 (LBS)

JAMES CONN, individually and on behalf of all
others similarly situated,

                       Plaintiff,

      v.

MERRILL LYNCH & CO., INC., E. STANLEY
O'NEAL, JEFFREY N. EDWARDS, LAWRENCE
A. TOSI, ARMANDO M. CODINA, VIRGIS W.
COLBERT, ALBERTO CRIBIORE, JOHN D.
FINNEGAN, JUDITH MAYHEW JONAS,
AULANA L. PETERS, JOSEPH W. PRUEHER,
ANN N. REESE, and CHARLES O. ROSSOTTI,

                    Defendants.

CIVIL ACTION No. 07cv11626 (LBS)

# TABLE OF CONTENTS

**PAGE**

I.   INTRODUCTION ................................................................................................. 1

II.   ARGUMENT ........................................................................................................ 2

    a.   Conn Ignores the Weight of Authority Rejecting His "Niche" Plaintiff
        Argument ............................................................................................................... 2

    b.   Consolidation of the Conn Action with the Other Related Actions Will Not
        Prejudice Those Who Have Claims Under the Securities Act ................................. 4

III.   CONCLUSION ..................................................................................................... 8

## TABLE OF AUTHORITIES

**PAGE**

<u>Cases</u>

*Aronson v. McKesson HBOC, Inc.,*
    79 F. Supp. 2d 1146 (N.D. Cal. 1999)..............................................................................3

*Hevesi v. Citigroup, Inc.*
    366 F.3d 70 (2d Cir. 2004) ..............................................................................................3

*Holmes v. Baker,*
    166 F. Supp. 2d 1362 (S.D. Fla. 2001)............................................................................6

*In re Atlas Air Worldwide Holdings, Inc. Sec. Litig.,*
    324 F. Supp. 2d 474 (S.D.N.Y. 2004) ............................................................................6

*In re Brooklyn Navy Yard Asbestos Litig.,*
    971 F.2d 831 (2d Cir. 1992) ............................................................................................7

*In re FirstEnergy Corp. Sec. Litig.,*
    316 F. Supp. 2d 581 (N.D. Ohio 2004) ..........................................................................6

*In re Majesco Sec. Litig.,*
    No. Civ.A05 CV-3557 (PGS), 2006 WL 2846281 (D.N.J. Sept. 29, 2006) ...................6

*In re Repetitive Stress Injury Litig.,*
    11 F.3d 368 (2d Cir. 1993) ..............................................................................................7

*In re Suprema Specialties, Inc. Sec. Litig.,*
    438 F.3d 256 (3d Cir. 2006) ............................................................................................5

*In re Surebeam Corp. Sec. Litig.,*
    Case No. 03CV 1721 JM(POR), 2003 U.S. Dist. LEXIS 25022 (S.D. Cal. Dec. 31,
    2003)..................................................................................................................................3

*Johnson v. Celotex Corp.,*
    899 F.2d 1281 (2d Cir. 1990) ..........................................................................................7

*Leech v. Brooks Automation, Inc.,*
    Civil Action No. 06-11068-RWZ, 2006 WL 3690736 (D. Mass. Dec. 13, 2006) ........4

*Malcolm v. National Gypsum Co.*,
   995 F.2d 346 (2d Cir. 1993) ....................................................................................7

*Pappas v. Countrywide Financial Corp.*,
   No. 07-05295 (C.D. Cal. Nov. 28, 2007) .........................................................3

*Rombach v. Chang*,
   355 F.3d 164 (2d Cir. 2004) ...............................................................................4, 5

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
   216 F.R.D. 248 (S.D.N.Y. 2003)..........................................................................2

## **Statutes**

Private Securities Litigation Reform Act of 1995 ...........................................................2, 3

Securities Act of 1933 ..................................................................................................passim

Securities Exchange Act of 1934...................................................................................passim

## **Rules**

Federal Rules of Civil Procedure

   Rule 9(b)......................................................................................................................5

   Rule 23.....................................................................................................................1, 2

The State Teachers' Retirement System of Ohio ("Ohio STRS") submits this reply memorandum in further support of its motion for consolidation, appointment as lead plaintiff and approval of its choice of co-lead counsel.

## I.    INTRODUCTION

In his opposition, James Conn ("Conn") does not dispute that Ohio STRS is the lead plaintiff movant with the largest financial interest (with losses of over $25.5 million) to represent the class of those who purchased or acquired Merrill Lynch & Co., Inc. ("Merrill Lynch") securities during the period October 17, 2006 through November 7, 2007 (the "Class"), which is the longest class period alleged in any of the above-captioned related actions ("Related Actions").[1]  Conn also does not dispute that Ohio STRS satisfies the adequacy and typicality requirements of Rule 23.  Nevertheless, Conn seeks to balkanize this litigation by seeking his appointment as a "niche" plaintiff to represent only a subclass of those Class members who acquired Merrill Lynch securities in the merger between Merrill Lynch and First Republic Bank ("First Republic").[2]

Notably absent from Conn's opposition is any authority for the proposition that this Court should appoint separate lead plaintiffs in circumstances such as here, where one lead plaintiff movant seeks to assert claims on behalf of investors only under the Securities Act of 1933 ("Securities Act").  Also absent from Conn's opposition is authority for his position that this Court should not consolidate all of the Related Actions. To the contrary, courts have frequently consolidated otherwise related cases even where the plaintiff in one case seeks to prosecute only Securities Act claims, while the other

---

[1]    James Conn's opposition dated January 18, 2008 is hereinafter referred to as "Conn Opp."

[2]    Conn refers to this as the "Merger Class."  The merger was consummated on September 21, 2007 and, thus, the exchange of securities in connection with the merger is included within the definition of the Class.

1

cases assert claims under the Securities Exchange Act of 1934 ("Exchange Act"). Nor does Conn dispute that Ohio STRS has standing to also assert the Securities Act claims Conn alleges, or that, if appointed lead plaintiff by the Court, Ohio STRS would assert all available claims in the Related Actions, including under both the Securities Act and the Exchange Act and on behalf of the persons who exchanged First Republic shares for Merrill Lynch shares.

As stated in greater detail in Ohio STRS' opposition, arguments similar to those made by Conn seeking appointment of a "niche" plaintiff and to not consolidate otherwise indisputably related cases, have been rejected by courts in this District and other jurisdictions. [3] Furthermore, as set forth more fully below, Conn's arguments are contrary to the goals of the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Additionally, and as also discussed more fully in Ohio STRS' opposition, Conn appears to be subject to unique defenses under Rule 23 due to his senior position at First Republic.[4]

## II.    ARGUMENT

### a.    Conn Ignores the Weight of Authority Rejecting His "Niche" Plaintiff Argument

Ohio STRS demonstrated in its opposition that there is substantial authority rejecting Conn's argument that multiple lead plaintiffs should be appointed to represent purportedly different causes of action, including by courts within this District. *See Ohio STRS' Opp.* at p. 5-6. *See, e.g., Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 254 (S.D.N.Y. 2003) (holding that appointment of "niche" plaintiff to

---

[3]    Ohio STRS' opposition dated January 18, 2008 is hereinafter referred to as "Ohio STRS Opp."

[4]    *See* Ohio STRS' Opp. at p. 8-9.

represent a different cause of action was unnecessary); *see also Hevesi v. Citigroup Inc.,* 366 F.3d 70, 83 n.13 (2d Cir. 2004) (noting that appointment of several lead plaintiffs to bring "every available claim" would be contrary to purposes of the PSLRA); *In re Surebeam Corp. Sec. Litig.,* Case No. 03CV 1721 JM(POR), 2003 U.S. Dist. LEXIS 25022, at *29-31 (S.D. Cal. Dec. 31, 2003) (rejecting the appointment of "niche" plaintiff to represent Section 11 claims); *Aronson v. McKesson HBOC, Inc.,* 79 F. Supp. 2d 1146, 1150-51 (N.D. Cal. 1999).[5] In his opposition, Conn does not mention any of these cases.

Nor does Conn cite any authority for his position that a "niche" plaintiff should be appointed to represent Securities Act claims particularly where, as here, the movant with the overwhelmingly largest overall financial interest has standing to bring all such claims. Instead, Conn spends a great deal of time in his opposition discussing the differences between the elements to plead and prove Securities Act and Exchange Act claims. *See* Conn Opp. at p. 5-8.

Ohio STRS does not dispute that Securities Act claims have standards of pleading and proof different than Exchange Act claims. However, this unremarkable proposition is entirely besides the point in the context here. As numerous courts have recognized when confronted with the same issue, lead plaintiffs are frequently appointed to prosecute all available causes of action - under both the Securities Act and Exchange Act. Indeed, as the cases cited above make clear, courts have explicitly declined to appoint "niche" plaintiffs to avoid fragmenting securities litigation and facilitate the PSLRA's goal of

---

[5]     Also as stated in greater detail in Ohio STRS' opposition, recently in *Pappas v. Countrywide Financial Corp.,* No. 07-05295 (C.D. Cal. Nov. 28, 2007), the Central District of California rejected the very argument Conn makes here - namely, that the court should appoint multiple lead plaintiffs to represent claims under the Securities Act and the Exchange Act. *See* Ohio STRS' Opp. at p. 6.

centralizing the claims in the control of a single lead plaintiff. There simply is no reason why this Court should depart from that precedent here.

Conn also argues that his losses are more substantial than Ohio STRS' losses as a result of the exchange of First Republic shares for Merrill Lynch shares. But this, too, misses the point. Ohio STRS does not dispute that Conn has greater losses when confined specifically to those Merrill Lynch securities Ohio STRS acquired in the merger. However, that fact is irrelevant here given that Ohio STRS has the overwhelmingly largest total financial interest in these Related Actions.[6] This holds true especially in this case because Ohio STRS has standing to bring all such claims.[7]

          b. <u>Consolidation of the Conn Action with the Other Related Actions Will Not Prejudice Those Who Have Claims Under the Securities Act</u>

Conn cites *Rombach v. Chang*, 355 F.3d 164 (2d Cir. 2004), for the proposition that consolidation of the Securities Act claims with the Exchange Act claims in one complaint will necessarily apply the heightened Exchange Act pleading standards to the Securities Act claims. Conn Opp. at p. 13. *Rombach* does not stand for such a proposition. In *Rombach*, the Second Circuit held that "the heightened pleading standard of Rule 9(b) applies to Section 11 and Section 12(a)(2) claims ***insofar as the claims are premised on allegations of fraud***." *Rombach,* 355 F.3d at 171 (emphasis added). Thus,

---

[6]    Conn's argument is analogous to an argument that movants for lead plaintiff have made where they contend that their losses, as a percentage of their net worth or total assets, exceed the losses of the movant who has the largest <u>total</u> financial loss. *See, e.g., Leech v. Brooks Automation, Inc.,* Civil Action No. 06-11068-RWZ, 2006 WL 3690736, at *3-4 (D. Mass. Dec. 13, 2006) (rejecting lead plaintiff movant's argument that its losses were a larger percentage of that movant's total holdings than the movant who sustained the largest total financial loss).

[7]    Furthermore, it should be noted that during the class period, Merrill Lynch had several additional offerings of securities. If Conn's assertions are taken to their logical conclusion, separate lead plaintiffs should be appointed to represent each of these various securities. But also as stated in Ohio STRS' opposition, the appointment of "niche" plaintiffs to represent different securities has likewise been rejected. *See* Ohio STRS' Opp. at p. 5 n.5.

4

to the extent Securities Act claims are not premised on allegations of fraud, Fed. R. Civ. P. 9(b)'s heightened pleading standard do not apply to such claims.

Indeed, *Rombach* affirmed the District Court's finding that plaintiffs' claims against certain defendants sounded in fraud while claims against other defendants sounded in negligence. *Id.* at 172, 178. The Court reasoned that the Securities Act claims against the individual defendants sounded in fraud because "the wording and imputations of the complaint" pertaining to the registration statement at issue were "classically associated with fraud." *Id.* at 172. The wording and imputations included "inaccurate and misleading," "untrue statements of material facts" and "materially false and misleading." *Id.* (citations omitted). However, in *Rombach*, the Court further found that plaintiffs' claims against the underwriters sounded in negligence, not fraud, and therefore, those claims were not subject to the heightened pleading requirements of Rule 9(b). *Id.* at 178. Plaintiffs' allegations against the underwriters included wording of the following nature: "each of the Underwriter Defendants owed to the purchasers of the shares of [the company] ... the duty to make a reasonable and diligent investigation of the statements contained in the Prospectus." *Id.* (citations omitted).

Thus, contrary to Conn's position, the fact that Securities Act claims are pled in the same complaint as Exchange Act claims does not automatically subject the Securities Act claims to the heightened pleading standard of Rule 9(b). Instead, courts have recognized that where plaintiffs plead Securities Act claims that do not sound in fraud, the Securities Act claims are not subject to the heightened pleading standards under Rule 9(b). *See, e.g., In re Suprema Specialties, Inc. Sec. Litig.,* 438 F.3d 256, 272-73 (3d Cir. 2006) (finding where plaintiffs asserted Securities Act and Exchange Act claims in the

5

same complaint, "the Securities Act claims do not sound in fraud if ordinary negligence

is expressly pled in connection with those claims.  In such a case, the fraud allegations

cannot be said to 'contaminate' the [Securities Act] claims if the allegations are pled

separately"); *In re Majesco Sec. Litig.,* No. Civ.A05 CV-3557 (PGS), 2006 WL 2846281,

at *1 (D.N.J. Sept. 29, 2006) (finding that Rule 9(b) did not apply to Securities Act

claims where plaintiff "systematically separated" Securities Act claims from Exchange

Act claims and expressly pled negligence with respect to Securities Act claims); *In re*

*Atlas Air Worldwide Holdings, Inc. Sec. Litig.,* 324 F. Supp. 2d 474, 503 (S.D.N.Y. 2004)

(concluding that Section 11 claims against certain individual defendants did not sound in

fraud where, among other things, plaintiffs "alleged facts independent of their scienter

allegations"); *In re FirstEnergy Corp. Sec. Litig.,* 316 F. Supp. 2d 581, 602 (N.D. Ohio

2004) (declining to apply heightened pleading standard to Securities Act claims where

plaintiffs "have purposely not premised their claims on any allegations of fraud");

*Holmes v. Baker*, 166 F. Supp. 2d 1362, 1372 (S.D. Fla. 2001) (declining to apply

heightened pleading to Section 11 claim where plaintiff does not "rel[y] on the Exchange

Act claims under the Section 11 claim of the complaint" and plaintiff "steadfastly does

not allege scienter" in the Section 11 claim).

Conn also cites several pre-PSLRA cases for the proposition that these Related

Actions, including the *Conn* action, should not be consolidated. *See* Conn. Opp. at p. 12-

13.  All of these cases are both factually dissimilar and dramatically different from the

circumstances here.[8] By contrast, as the cases previously cited by Ohio STRS demonstrate, related federal securities law claims are particularly suitable for consolidation. *See* Ohio STRS' Opp. at p. 4-5 (collecting cases). [9]

Finally, in asserting claims under the Exchange Act on behalf of all Merrill Lynch investors (which claims would be asserted separately from the Securities Act claims) Ohio STRS would, as Conn acknowledges, have to plead and prove the elements for securities fraud under Rule 10b-5 of the Exchange Act. What Conn omits, however, is that if Ohio STRS pleads and proves fraud under Rule 10b-5, then it will have also necessarily met the requirements to impose liability under Sections 11 and 12 of the Securities Act. Nor can it be reasonably contended that Ohio STRS lacks a strong incentive to pursue all such claims. In sum, there is no need for this Court to fragment

---

[8]     Indeed, none of the cases cited by Conn for this proposition, *In re Brooklyn Navy Yard Asbestos Litig.,*971 F.2d 831 (2d Cir. 1992), *Johnson v. Celotex Corp.*, 899 F.2d 1281 (2d Cir. 1990), *Malcolm v. National Gypsum Co.*, 995 F.2d 346 (2d Cir. 1993) and *In re Repetitive Stress Injury Litig.*, 11 F.3d 368 (2d Cir. 1993) even involve alleged violations of the federal securities laws. Instead, several of these cases are asbestos related litigations where numerous individual issues abounded. For example, in *Repetitive Stress Injury Litig.,* the Second Circuit stated that consolidation was inappropriate because "the sole common fact among these cases is a claim of injury of such generality that it covers a number of different ailments for each of which there are numerous possible causes other than the tortious conduct of one of the defendants." 11 F.3d at 373.

[9]     All Class members, whether or not they acquired their Merrill Lynch shares in the First Republic merger, also share potential claims under the Exchange Act. Ohio STRS' Opp. at p.3. The First Republic registration statement and proxy prospectus are statements made by Merrill Lynch between October 17, 2006 and November 7, 2007. Thus, to the extent there are allegations that those documents were false, they will be the basis of claims under both the Securities Act as well as the Exchange Act. Claims will be premised on those allegedly false statements both on behalf of persons who received Merrill Lynch securities in exchange for First Republic stock, and on behalf persons who purchased Merrill Lynch securities on the open market following the dissemination of the registration statement and proxy/prospectus. Indeed, taken to its logical conclusion, Conn would have this Court adjudicate separately his Securities Act claims, and the combined Securities Act and Exchange Act claims Ohio STRS would assert if appointed lead plaintiff.

otherwise unitary litigation by appointing separate lead plaintiffs.[10]    At bottom, Ohio STRS not only has standing to assert all claims but indisputably has by far the largest financial interest in the relief sought in this litigation under the PSLRA.

### III.    CONCLUSION

For the reasons stated above as well as those reasons set forth in Ohio STRS' earlier submissions, Ohio STRS respectfully requests that the Court:  (1) consolidate all of the Related Actions, including the *Conn* action; (2) appoint Ohio STRS as lead plaintiff; and (3) approve Ohio STRS' choice of co-lead counsel.[11]

DATED: January 31, 2008

Respectfully submitted,

**KAPLAN FOX & KILSHEIMER LLP**

By:  ____/s/ Robert N. Kaplan____

Robert N. Kaplan
Frederic S. Fox
Joel B. Strauss
Donald R. Hall
Jeffrey P. Campisi
Aviah Cohen Pierson
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile:  (212) 687-7714

---

[10]    Conn also argues that Ohio STRS' selected counsel seek "lead status for the open market purchasers class" and therefore are "conflicted by having a fiduciary obligation to the open market purchasers class." Conn Opp. at p. 14. This argument is likewise wrong. Ohio STRS has selected counsel to represent the entire Class, including both those who purchased Merrill Lynch securities on the open market and those who otherwise acquired such securities. Even though Conn's action only alleges Securities Act claims, that does not mean that if appointed lead plaintiff, Ohio STRS will not pursue Securities Act claims. Nor does it mean that Ohio STRS' counsel is somehow disabled from simultaneously pursuing the very Securities Act claims Conn asserts. In short, there is no purported conflict in the appointment of Ohio STRS' selected counsel to represent the entire Class.

[11]    On January 30, 2008, Schiffrin Barroway Topaz & Kessler, LLP filed a notice of withdrawal as counsel of record to represent Ohio STRS. Ohio STRS continues to be represented by Kaplan Fox & Kilsheimer LLP and Berger & Montague, P.C.

*-and-*

**BERGER & MONTAGUE, P.C.**

By: *Merrill G. Davidoff*    By Consent
                             By *(Bd)*

Merrill G. Davidoff
Lawrence J. Lederer
Arthur Stock
Lane Vines
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604

Proposed Co-Lead Counsel for Lead
Plaintiff Movant the State Teachers'
Retirement System of Ohio and the Class

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 31, 2008, I caused to be electronically filed the foregoing paper with the Clerk of the Court using the ECF System, which will electronically send notification of such filing to the registered participants and paper copies will be sent via first-class mail postage pre-paid to non-registered participants as of January 31, 2008.

/s/    Aviah Cohen Pierson
Aviah Cohen Pierson

January 31, 2008